HENRY HALEY *vs.* JOSEPH HOBSON.

York. Decided April 4, 1878.

*Amendment.*

The declaration in the writ is the criterion for determining what is recoverable in an action. If the declaration is broad enough to cover a particular claim, it may be proved and recovered, though it was not specified nor contemplated by the plaintiff when the writ was drawn.

The filing of a bill of particulars, either upon the motion of the plaintiff or the defendant, is not objectionable as introducing a new cause of action, even though the plaintiff had no such cause in his mind as the bill states when he commenced the action.

ON EXCEPTIONS AND MOTION.

ASSUMPSIT on account annexed to the writ, dated October 25, 1871, and returnable at the January term, 1872 :

| | | |
|---|---|---|
| To sawing 150 cords of wood at $2 per cord, delivered in 1870 and 1871, | $300 | 00 |
| To lot of saws and belts, delivered August 17, 1871, | 75 | 00 |
| | $375 | 00 |

At the January term, 1874, the plaintiff, on the defendant's motion for a statement of claim, under the second (omnibus) count for work and labor done and the various money counts joined, filed a specification of claim :

| | | |
|---|---|---|
| " To extra pay for working lumber which had been soiled and graveled by the freshet, at rate of one-half cent per pair of headings made from said lumber, | $120 | 00 |
| Cr. by cash on account of above, | 30 | 00 |
| | $90.00." | |

This claim the defendant resisted, contending that it had been fully and satisfactorily adjusted long before action brought. Upon cross-examination, the plaintiff testified that the action was commenced by T. H. Hubbard, as his attorney ; that he never told Hubbard he had any claim against the defendant for sawing dirty boards ; that he employed Mr. Tapley, his present counsel, a year ago ; that he had never mentioned to him the existence of any such claim till within a week of the trial ; that the reason of his omission to speak of this matter to them was that it had escaped his mind entirely. The defendant requested the instruction that the plaintiff could not recover upon any cause of action which he did not contemplate as embraced in his declaration at the time it was made.

The presiding justice declined to give the requested instruction, but instructed the jury that the general count would cover this bill of particulars ; that the fact that it was not in his mind was of no legal effect, except as an item of evidence upon the question whether he had any just claim or not; that if it was a just claim, even if he did not have it in his mind till a week ago when consulting Mr. Tapley, he was entitled to recover.

The jury returned a verdict for the plaintiff, and found specially in his favor upon the claim in the specification under the second count ; and the defendant alleged exceptions.

*H. H. Burbank & J. S. Derby*, with *E. B. Smith*, for the defendant.

*R. P. Tapley*, for the plaintiff.

DICKERSON, J.  The declaration in the writ is the criterion for determining what is recoverable in the suit. The law defines and limits the nature of the claims that are provable under the count or counts in the writ, and if these are broad enough to cover a particular claim, it may be proved and recovered, though it may not have been specified when the writ was drawn.  When the writ does not contain a specification of all the items claimed, it is competent for the plaintiff, on leave of court, to supply the omission, and if he does not, the court will order him to do so upon motion of the defendant.  The court looks to the

declaration to ascertain what causes of action are provable under it, and not to the mind of the plaintiff when he commenced his action ; the intention of the plaintiff at that time to recover upon an item not embraced within the purview of the declaration will not avail him, nor will his want of an intention to maintain a particular claim prevent his recovery for that, if it is recoverable under the declaration. The rule of law was correctly stated by the presiding justice to be, " that it does not make any odds, so far as the law is concerned, whether the plaintiff had this claim in his mind when he had the writ made out, or not, if there was an absolute just claim, and his writ is broad enough to cover it."

There can be no doubt but the second count in the writ is sufficient to include the disputed item for extra pay in working soiled lumber, if it had been originally specified in the writ. As we have seen, the due filing of that item before the cause proceeded to trial is equivalent to its original specification in the writ, and therefore introduces no new cause of action. The position of the counsel for the defendant, that the item in question would not be recoverable if it was not in the mind of the plaintiff when the writ was drawn, is at variance with the uniform practice of courts of common law as well as with reason and authority.

We perceive no sufficient ground for our interposition upon the motion. It was a question of the weight of evidence, and that is to be determined oftentimes by the quality rather than the quantity of evidence. The jury saw and heard the witnesses, and thus had a better opportunity to judge of the quality and general weight of the evidence than the court has ; and we are not prepared to say that they so far erred in their conclusions as to authorize us to set aside their verdict.

*Exceptions and motion overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.