Van de Haar v. Van Domseler.

56 671
f107 664
d107 665
56 671
d110 208

## VAN DE HAAR v. VAN DOMSELER.

1. **Practice:** MOTION FOR NEW TRIAL: CONTINUANCE. It is not required that a motion for a new trial shall be determined during the term at which it is filed, and when not so determined it stands continued generally, without any record entry, and may be taken up at the next succeeding term.

2. **Pleading:** AMENDMENT: STATUTE OF LIMITATIONS. An amendment to a petition held to set up a new and distinct cause of action, which at the time the amendment was filed had become barred by the statute of limitations.

*Appeal from Marion Circuit Court.*

THURSDAY, OCTOBER 20.

THIS action was commenced in 1876, and the original petition filed at that time stated the plaintiff was an unmarried woman, and that "on or about the fifteenth day of February,

1875, the defendant    *    *    did seduce and debauch her and have sexual intercourse with her," whereby she became pregnant and was delivered of an illegitimate child. For the cause of action just stated the plaintiff sought to recover damages.   The defendant denied the allegations of the petition, and afterward there was filed an amendment to the petition, to which a demurrer was sustained.   There was a trial by jury, verdict and judgment for the plaintiff.   The defendant filed a motion in arrest and for a new trial, which was sustained.   Both parties appeal.

*John F. Lacey* and *W. I. Gesman*, for plaintiff.

*Stone, Ayres & Co.*, for defendant.

SEEVERS, J.—The verdict was returned into court at the November term, and on the 17th day of November, 1879. Judgment was on the same day rendered thereon, and on that day the defendant with leave of the court filed a motion in arrest of judgment and for a new trial.   The amended abstract states the motion was "submitted to the court on November 20th, 1879," but the court record fails to show it was determined at that time, or that it was taken under advisement, or any disposition whatever made of it.   On the succeeding day the court signed and there was filed a bill of exceptions, which, among other things, states "that immediately after the bringing in of the verdict    *    *    the defendant filed a motion for a new trial    *    *    which is made a part of the bill of exceptions, and the court being fully advised in the premises overrules said motion, to which ruling the defendant at the time duly excepted (it being agreed by the parties in open court at the time that if judgment be rendered or entered upon the verdict in the meantime this shall not be considered or held to be a ruling upon said motion, or a waiver of the right of the defendant under said motion); and this bill of exceptions is hereby made a

Van de Haar v. Van Domseler.

part of the record of this cause, and that this defendant nor his rights shall be in any manner prejudiced as far as the motion for a new trial is concerned by signing and filing of this bill at this time."

At the succeeding term in March, 1880, the following was entered of record: "Motion for new trial sustained by the court and verdict and judgment set aside, to which ruling the plaintiff at the time duly excepted."

I. Counsel for appellant insists the court erred in determining the motion at a term subsequent to that at which it was filed. The argument being that such motions must be decided at the term when filed; that the court has no discretion in the matter and cannot take such motions under advisement to be decided at a subsequent term unless the parties so agree. The argument leads to this result, the motion must be determined at the term when filed, whether the court is sufficiently advised or prepared intelligently to do so or not. This would be so although the motion was filed only five minutes before the court adjourned. In the absence of a statute so providing we are not prepared to so hold. The statute simply provides the motion must be filed at the term and within three days after verdict, and no provision is made when it shall be determined. It, therefore, stands like any other case or matter which is submitted to the court, and should be determined as soon as the court is "sufficiently advised in the premises." The statute provides: "Upon any final adjournment of the court all business not otherwise disposed of will stand continued generally." Code, § 172. When the court adjourned the motion was business pending, and as there was no agreement it might be decided in vacation, it stood continued until the next term by operation of law. No entry of record, stating it had been taken under advisement, was required in order to give the court power and jurisdiction to determine the motion at the succeeding term.

1. PRACTICE: motion for new trial: continuance of.

II.   It is insisted the motion was overruled and finally de-
termined at the November, term, 1879, and therefore the
court could not on its own motion sustain it at the subse-.
quent term.   If overruled at the time stated it is singular no
entry was made of record to that effect.   It is true the bill
of exceptions states it was so overruled, but it also states it
was agreed by the parties if judgment was rendered on the
verdict the bill of exceptions should not be "considered or
held to be a ruling upon said motion."   Judgment was ren-
dered on the verdict, and, therefore, the statement in the bill
of exceptions the motion had been overruled should not be so
regarded, and the defendant was not to be prejudiced by the
bill of exceptions so far as the motion was concerned.   It
seems to us that while it might be said it is not free from
doubt what the meaning of the bill of exceptions is, still we
think the construction adopted is reasonable and correct.
This conclusion is aided, we think, by the failure of the rec-
ord at the March term to show the plaintiff then objected
the motion had been determined at the previous term.

III.   The amendment to the petition was filed with leave
of the court at the March term, 1879, and is as follows:

2. PLEADING:        "That she is an unmarried woman, and that
amendment
construed.        on or about the fifteenth day of February, 1875,
the said defendant suddenly came upon plaintiff while she
was alone, and unprotected in the house, where she was liv-
ing, in Mahaska county, Iowa; that previously to said date
the said defendant had been engaged to be married to plaintiff,
and by and through the engagement had obtained great in-
fluence and exercised great control over her, the said plaintiff,
and ever since the termination of the said engagement the
presence and appearance of said defendant where plaintiff
was would frighten and unnerve her, cause her to lose control
of herself, and her actions to a greater or less extent, and
make her incapable, to a greater or less extent, of considerate
action; that on or about the date. above named defendant's
appearance, sudden and unannounced, and while plaintiff was

entirely alone in the house and unprotected, as above stated, and defendant's actions, while there, so frightened and unnerved her that she lost control of her will and actions, and became incapable of knowing what defendant was doing or about to do, or of offering or interposing any resistance to his acts.

"That while in said helpless condition, the said defendant did debauch and wrongfully have sexual intercourse with plaintiff, whereby she became pregnant and was delivered of a child, as in her said original petition alleged and stated."

As this amendment was filed with leave of the court, it was properly on file, as the defendant did not move to strike it from the files or except to the order granting leave. Such being the case the defendant, unless he was willing a default should be entered against him thereon, was bound within the time required by law to controvert the sufficiency of the petition. This he could do by motion, demurrer, or answer. He saw proper to demur on the ground the cause of action therein stated was barred by the statute of limitations.

If the filing of the amended petition should be regarded as the commencement of the action, as to the cause of action therein stated, the proposition that the bar of the statute was then complete is not controverted.

Upon the part of the plaintiff it is insisted the amendment sets up more specifically than the original petition the manner or means by which the sexual intercourse was obtained, and in legal effect is the same cause of action as that stated in the original petition and it relates back to the commencement of the action. This is probably true if the amended petition only contains a more full statement of the grounds upon which the original action is based; but is this so? The original petition states the defendant seduced, and by reason of the seduction had sexual intercourse with, plaintiff, whereby she was damaged. Seduction necessarily implies consent, or what is held to amount thereto, on the part of the female.

The amended petition states the intercourse was obtained

by force and she never consented thereto. This amounts to a rape. There was but a single transaction, and it must have been either seduction or rape. It could not be both. If it was seduction a cause of action was sufficiently stated in the original petition. If the plaintiff was in doubt whether she was seduced or raped both could have been charged in separate counts of the petition. If both had been stated in the same count in the petition such a pleading could have been successfully assailed by motion or demurrer. This we think shows quite conclusively the two causes of action are not the same but separate and distinct. As there was but a single transaction there could be but a single cause of action; and as the charge of rape was made for the first time when the amended petition was filed such cause of action was barred and the demurrer correctly sustained.

· It is unnecessary to determine the defendant's appeal. The plaintiff must pay the costs in this court.

AFFIRMED.