## COOPER v. THE STATE.

1. When a bar and a restaurant are in the same building and separated by a partition having a door in it, which door is open on the Sabbath-day, if the keeper of the restaurant then present

receives pay from his customer for beer procured by his servant in the bar-room, brought through the open door and delivered to the customer at the table, it not appearing that any keeper of the bar was in the building at the time, the keeper of the restaurant is guilty of keeping open a tippling-house on the Sabbath-day, whether he has an interest in the bar or is otherwise connected with it or not.

2. Mere verbal inaccuracy of the court in defining a tippling-house, or in other instructions to the jury, will not require the grant of a new trial, where the substance of the indictment is established by evidence, and the verdict is correct.        *Judgment affirmed.*

February 15, 1892.

Criminal law. Sunday tippling-house. Charge of court. Before Judge MILLER. Bibb superior court. November adjourned term, 1890.

After conviction of keeping open a tippling-house on the Sabbath day, the defendant excepted to the denial of his motion for a new trial. The grounds of the motion, besides those alleging that the verdict was contrary to law and evidence, were that the court erred in charging the jury that a tippling-house is a house where liquor is sold by the drink, and in charging as follows: "If you believe from the evidence that the defendant kept a restaurant in a room that opened by a door into a room kept by another as a bar-room, and that certain persons entered said restaurant on Sunday, the defendant being present, and through his instrumentality they obtained liquor from said bar-room, the door being opened into it for that purpose, and they drank the liquor in the restaurant and paid for it there, paying the defendant therefor, then you would be authorized to convict him, although you might also believe from the evidence that the bar-room was kept by some other person, and that the defendant had no interest in the same or connection therewith."

R. W. PATTERSON, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, *contra*.