O'CONNOR, Respondent, vs. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

*March 10 — March 27, 1896.*

*Pleading: Amendment: Fires set by locomotive: Limitations.*

1. Where neither the original complaint nor a proposed amended complaint was verified, and there was no affidavit or statement under oath in support of the cause of action stated therein, the allowance of the amendment more than two years after service of the answer, without terms, and apparently as of course, was erroneous.

2. In an action for injury to land caused by fires set by a locomotive, it was an abuse of discretion to allow the complaint to be amended by inserting a claim for injury by the same fire to other land a mile distant, where the application was not made until nearly three years after the action was commenced and nearly nine years after the fire, and said claim, as an independent cause of action, was long since barred by the statute of limitations.

O'Connor vs. Chicago & Northwestern R. Co.

APPEAL from an order of the circuit court for Juneau county: O. B. WYMAN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *W. K. Gibson.* They argued, among other things, that the court should have refused to allow the proposed amendment because it sets up an entirely new and independent cause of action, which is sought to be brought into this suit in 1895, so as to get the benefit of its commencement in July, 1892, and thereby escape the statute of limitations. *Stevens v. Brooks,* 23 Wis. 196, 199; *Tyrrill v. Lamb,* 96 Pa. St. 464; *Carmichael v. Argard,* 52 Wis. 607, 610; *Geary v. Bennett,* 65 id. 554, 558; *National S. S. Co. v. Sheahan,* 122 N. Y. 461; *Heegaard v. Dakota L. & T. Co.* 3 S. Dak. 569; sec. 2830, R. S.

*H. W. Barney,* for the respondent, contended, *inter alia,* that where a proposed amendment consists of new matter relating to the subject of the action as set forth in the complaint, and is not a new and independent cause of action, the fact that the statute of limitations has attached to it pending the suit is a strong reason for allowing the amendment instead of refusing it. 1 Ency. of Pl. & Pr. 519; *Miller v. Watson,* 6 Wend. 506; *Elting v. Dayton,* 67 Hun, 425; *Davis v. Saunders,* 7 Mass. 62; *Dana v. McClure,* 39 Vt. 197; *Shieffelin v. Whipple,* 10 Wis. 81. As instances of amendments allowed, see *Kirch v. Davies,* 55 Wis. 287; *Sabine v. Johnson,* 35 id. 185; *Noyes v. Richardson,* 59 N. H. 490; *Haskins v. Ferris,* 23 Vt. 673; *Heneshoff v. Miller,* 2 Johns. 295.

CASSODAY, C. J. This action was commenced July 26, 1892. The original complaint alleged, in effect, that July 27, 1886, the defendant negligently and carelessly allowed sparks and coals of fire to escape from its engine hauling a freight train, while passing near the quarter post on the south side of sec-

tion 16, in township 18 N. of range 2 E., in Juneau county, and set fire to the dry grass, rubbish, and combustible material which the defendant had carelessly and negligently permitted to accumulate upon its right of way, and that from thence said fire ran across the intervening country and set fire to the plaintiff's cranberry marshes on 240 acres of land belonging to him in section 25 in the same township and range, to his damage in the sum of $3,000. The defendant answered, and took issue with all the material allegations of the complaint.

This is an appeal from an order made March 19, 1895, granting leave to the plaintiff to amend his complaint by inserting therein the N. E. ¼ of the S. W. ¼ of section 22 of the township and range mentioned, as additional lands and cranberry marshes injured by the same fire. The forty acres so to be inserted are situated more than a mile from any of the lands mentioned in the original complaint.

Neither the original complaint nor the proposed amended complaint was verified; and there is no affidavit nor statement under oath in support of any such cause of action; and the order was made apparently as of course and without terms. A complaint can only be amended as of course and without costs " before the period for answering it expires," or " within twenty days after the service of the answer or demurrer." R. S. sec. 2685. Otherwise the court is only authorized to allow an amendment " in furtherance of justice, and upon such terms as may be just." R. S. sec. 2830; *Sweet v. Mitchell*, 19 Wis. 524; *Dole v. Northrop*, 19 Wis. 249. It follows that, upon the showing made, the application should have been denied.

But even if the application had shown that the plaintiff originally had a good cause of action, not only as to the alleged fire on section 25, but also on section 22, yet we think it would have been an abuse of discretion to have granted leave to amend under the circumstances. The action was

not commenced until the last day to prevent the running of the six years statute of limitation. R. S. sec. 4222, subd. 5. The application for the amendment was not made until nearly three years after the action was commenced, and nearly nine years after the alleged fire. The forty acres in section 22 could not be properly added by way of amendment, unless the fire thereon was not only traceable to the same fire which communicated to and burned over the plaintiff's other lands mentioned, but also that the defendant's negligence in starting such fire was the proximate cause of the injury complained of. *Atkinson v. Goodrich Transp. Co.* 60 Wis. 156; *Marvin v. C., M. & St. P. R. Co.* 79 Wis. 143; *Jackson v. Wis. Tel. Co.* 88 Wis. 250; *Block v. Milwaukee St. R. Co.* 89 Wis. 378. In these cases this court approved and followed the rule as sanctioned by the supreme court of the United States, to the effect " that, in order to warrant a finding that negligence or an act not amounting to wanton wrong is the proximate cause of the injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances." *Milwaukee & St. P. R. Co. v. Kellogg,* 94 U. S. 469.

Such being the law applicable to such a case, it is manifest that to maintain the action as to the new forty acres introduced by the amendment would require, at least, some new and independent evidence, and to some extent a new line of defense; and hence, practically, it was a new and independent cause of action. This being so, it would, under the circumstances, be a clear abuse of discretion to allow the amendment nearly three years after the statute of limitation would have run upon it as a separate and independent cause of action. The plaintiff and his agent and attorney knew all the facts. The rights of the defendant and its means of defense have been put in peril, if not wholly or partially lost, by the long delay; and hence the amendment

should not be allowed.  *Cavanaugh v. Scott*, 84 Wis. 93;
*Carberry v. German Ins. Co.* 86 Wis. 328.

*By the Court.*— The order of the circuit court is reversed,
and the cause is remanded with direction to deny the appli-
cation.