THE EMPORIA NATIONAL BANK v. JOHN B. LAYFETH.

No. 12,140.   (64 Pac. 973.)

SYLLABUS BY THE COURT.

1. TROVER AND CONVERSION — *Amendment before Second Trial.* In an action brought for a conversion of certain cattle, in the trial of which it appears that the defendant did not in fact sell the cattle in question, but that they were sold by another under his direction, and that he knowingly received the proceeds of sale and converted the same, it is not error for the district court, before another trial of the cause is had, to permit the plaintiff so to amend his petition as to charge defendant with a conversion of the proceeds of such sale.

**2.** ———— *Limitation of Action.* Notwithstanding such amendment is made more than five years after the cause of action accrued, still, as the amendment "was in fact made, and as the plaintiff's action was commenced less than two years after the original cause of action accrued, there is no room for claiming that the cause upon which the plaintiff recovered was barred at the time by the operation of any statute of limitations." (*Culp v. Steere,* 47 Kan. 747, 28 Pac. 987.)

Error from Lyon district court; W. A. RANDOLPH, judge. Opinion filed May 11, 1901. Division one. Affirmed.

### STATEMENT.

THIS action was originally brought by the defendant in error, who is herein called the plaintiff, in the district court of Lyon county, and in the petition it was alleged, in substance, that one C. B. Bachelor was indebted to the plaintiff in the sum of $300 on October 25, 1887, and then gave his promissory note for that amount, with six per cent. interest, and to secure the note gave a chattel mortgage on fourteen head of cattle; that the mortgage was duly filed for record; that thereafter the defendant bank converted the cattle to its own use; that the cattle, at the time of such conversion, were of the value of $400; that the debt had not been paid.

The defendant bank answered, setting up a mortgage on the cattle to the bank under which it made claim of priority. The case was then tried, and the bank recovered. The plaintiff brought the case to this court and it was reversed. (*Layfeth v. National Bank,* 53 Kan. 51, 35 Pac. 805.)

The plaintiff then amended his petition and added a second cause of action, in which he charged that the cattle were, by direction of the bank, sold by Bachelor, and that the bank converted the proceeds of the cattle. The defendant, to the first cause of action of

the amended petition, answered by a general denial, and then referred to its former answer and made the same a part of its answer to the first cause of action of the amended petition.   On the same day the defendant filed a motion to strike out the second cause of action in plaintiff's amended petition, for the reason that it stated "an entirely and substantially different cause of action" from that sued on originally.   The court denied the motion, and then the defendant filed a general demurrer to the second cause of action, which was overruled.   Thereupon the defendant answered to the second cause of action by general denial and reference to the amended answer to the original petition.   In separate clauses it pleaded that the two-, three- and five-year statutes of limitations had run before the amended petition was filed. Plaintiff replied that the action was brought on the 18th day of June, 1889, tried on the 29th day of March, 1890, and judgment rendered against plaintiff, for the reason that the court found as a matter of law that the evidence did not show a conversion by the bank of the cattle mentioned in plaintiff's petition ; that the judgment was reversed by the supreme court; that in the former trial it first came to the knowledge of plaintiff that as to some of the cattle, if not all, the defendant had wrongfully converted "the proceeds of the sale instead of the cattle themselves"; that the second cause of action was for the purpose of permitting the introduction of evidence tending to show the conversion of the proceeds of the cattle rather than the cattle themselves.   He also made his former reply a part of that reply.

The case was tried to a jury, verdict rendered for the plaintiff, with damages assessed at $239.46, and judgment rendered for plaintiff.   The bank brings the case here.

*Chas. B. Graves*, and *H. D. Dickson*, for plaintiff in error.

*R. M. Hamer*, for defendant in error.

The opinion of the court was delivered by

ELLIS, J. : The claim made by plaintiff in error that the second cause of action contained in the amended petition states "an entirely and substantially different cause of action" than that set forth in the original petition presents a refinement in technicality. The first cause of action was for a conversion of the cattle by the bank, and the claim was made that it had sold, disposed of and otherwise converted them to its own use. In the amended petition it is averred that at the bank's instigation, and under its direction, the cattle were sold by another ; that the bank, with full knowledge of plaintiff's interest therein, received the proceeds of the sale and converted the same. The transaction complained of in each count was essentially the same. The subject-matter was substantially identical. In each case the grievance of plaintiff below was that by the unlawful acts of the bank he had been deprived of his interest in the cattle.

In the first cause of action he alleged that the acts of the bank officials had directly caused the injury ; in the second, that such acts had indirectly caused it. We think the amendment was properly allowed by the court, and as the same "was permissible and was in fact made; and as the plaintiff's action was commenced less than two years after the original cause of action accrued, there is no room for claiming that the cause upon which the plaintiff recovered was barred at the time by the operation of any statute of limitations." (*Culp v. Steere,* 47 Kan. 747, 28 Pac. 987.)

Two cases are cited by counsel for the bank in support of their contention that the allowance of the amendment was material error. One is *Nugent v. Adsit*, 93 Mich. 462, 53 N. W. 620, in which it was alleged in a declaration that the defendant converted "953 bushels of wheat, $1040," and it was held that the declaration could not be amended after the statute of limitations had run by striking out that item and inserting in lieu thereof "thirty-one acres of growing wheat, $800." Under the statutes of Michigan relating to amendments that decision was certainly right. Our statute is more liberal, and counsel would hardly contend that such an amendment could not be granted upon terms in a *nisi prius* court in this state if it should be made to appear that the amendment related to the same transaction as the original averment. The other case, *Van de Haar v. Van Domseler*, 56 Iowa, 671, 10 N. W. 227, is shown not to be applicable by the argument of the court made in that case. It there clearly appears that the amendment, while it related to the same transaction, not only stated a new cause of action, but also one that was dependent upon facts which were antagonistic to those originally pleaded.

Upon the trial of the case in the court below, the controlling question of fact was whether the bank had knowingly converted the proceeds of the cattle in controversy; that is to say, whether the bank, after having notice of the claim of Layfeth on the cattle in question, had intentionally applied the proceeds thereof to its own use, or in payment of debts due it from Bachelor, or to the payment of other debts in its hands which were owing by said Bachelor. Upon the question of conversion of the funds, the court, at the request of the bank, instructed the jury as follows:

"If C. B. Bachelor paid the proceeds of the cattle

in controversy as his own money with instructions to said bank to pay out the same upon indebtedness of said Bachelor, and you further believe that the bank paid out said money according to the instructions of said Bachelor, without actual notice or knowledge that the notes or money were the proceeds of the sale of the Layfeth cattle, then you must find for the defendant, and the plaintiff must show such actual knowledge or notice by a preponderance of the testimony before you can so find.

"Before the bank would be liable to the plaintiff for any of the proceeds of the cattle upon which he held a mortgage, it must appear either that the bank had such proceeds in its possession when this suit was commenced, or that it was appropriated without authority of Bachelor, or that it had notice that Layfeth had some claim thereto when appropriated."

In its general instructions the court gave the following :

"If the money, the proceeds of the sale of the mortgaged cattle or the proceeds of notes given for such cattle, were deposited with the defendant (bank) to the account of said Bachelor, and afterward or at the time of depositing such money, or if before such deposit, Mr. Bachelor gave the defendant authority to apply such proceeds on the indebtedness due the defendant from said Bachelor, and the bank did apply said money on said indebtedness, and at the time had no knowledge that said moneys or notes so applied were proceeds of the sales of the cattle upon which the plaintiff held a mortgage, then the defendant would not be liable to the plaintiff for the money so applied."

These instructions certainly covered the contention of the bank at the trial. The other instructions given the jury in no manner contravened the terms of those just quoted. By their general verdict, therefore, the jury found that the bank's general officers knew at the time that they applied the funds that the plaintiff had

a claim on them, or that such officials had notice of such facts as would be equivalent to actual knowledge.

It follows that by such finding of the jury the bank is concluded, for it is decisive that the bank did consciously convert the money derived from the sale of the cattle.   As there was evidence to sustain the ver dict, it may not be set aside in this court.

The judgment of the court below is affirmed.

DOSTER, C.J., SMITH, POLLOCK, JJ., concurring.