THE UNION PACIFIC RAILROAD COMPANY V. CHARLES.
W. SWEET.

No. 15,405.   (96 Pac. 657.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTIONS—*Amendment of Petition.* Amend-
ments which only amplify or make more specific the aver-
ments of the original petition, or which state the wrong
suffered or right relied on, are ordinarily permissible and will
relate back to the beginning of the action; but where the
amendment sets forth a new and different cause of action the
statute of limitations continues to run until the amendment.
is filed.

2. ——— *Injury by Fire.* In an action to recover damages for
the negligent setting out of a fire which destroyed the plain-
tiff's trees the original petition alleged that the fire was neg-
ligently set out at a certain time and place; and after the
period of limitation had expired the plaintiff obtained leave
to amend his petition so as to aver that the damage resulted
from another and different fire, which was started five miles
distant from the one relied on in the original petition. *Held,*
that the amendment set out a distinct and different tort and
a new cause of action, upon which a recovery was barred by
the statute of limitations.

Error from Trego district court; JAMES H. REEDER,
judge. Opinion filed June 6, 1908. Reversed.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for
plaintiff in error.

*Boyle, Guthrie, Howell & Smith,* for defendant in
error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This proceeding involves the ques-
tion whether the cause of action brought into the case
by an amendment to the petition and upon which a re-
covery was had was barred by the statute of limita-
tions. The cause of action alleged in the original
petition was based on an act of the railroad company
in setting out a fire on and adjacent to its right of way,.

in the town of Wakeeney, on March 18, 1902. It was alleged that the fire was negligently set out in the operation of the railroad, and that it spread and ran until it reached the plaintiff's premises, where it destroyed his fruit- and forest-trees. The railroad company answered denying the averments of the petition and alleging that the loss was occasioned by the plaintiff's negligence. In the statement of the case made at the opening of the trial on the issues so joined counsel for plaintiff remarked that he had recently learned that the fire which caused the loss was not the fire referred to in the petition. The defendant then asked for judgment on the opening statement of plaintiff, and the plaintiff in turn asked and obtained leave to amend his petition "so as to charge that the damage resulted from another and different fire than that described in the original petition." The amendment was made, and it charged the negligent setting out of a fire on the same day, to wit, March 18, 1902, at a point shown to be about five miles distant from Wakeeney, the starting-place of the fire mentioned in the original petition, and that it caused the burning and destruction of plaintiff's trees. In different ways the defendant challenged the right of the plaintiff to amend his petition at that late day, and thus introduce new elements and what is termed a new cause of action, but the court allowed the amendment and permitted a trial upon a charge of negligence which was first pleaded about three years after the fire and about one year after a new action would have been barred by the statute of limitations. A recovery was had against the defendant, and, while a number of objections are made to rulings upon the testimony and upon the special findings of the jury, the case must be determined upon the question raised on the pleadings.

If the amendment pleaded a different tort than was alleged in the original petition, and brought in a new right of action, such action must be deemed to have

been commenced when the amended petition was filed. An amendment which substitutes one charge of negligence and ground of recovery for a different one, and which must depend upon facts distinct and different from those originally pleaded, does not relate back to the commencement of the action, and is open to the defense of the statute of limitations. Under our system amendments may be made which do not substantially change the claim or defense set out in the original pleadings. (Civ. Code, § 139.)

"It is true, as a general rule, that amended pleadings relate back to the commencement of the action, but this rule never obtains where a separate and distinct cause of action is set up by way of amendment. Even though the amendment might otherwise be allowable, it is generally held that it will not be permitted when the effect will be to make the state of facts pleaded relate back so as to avoid the statute of limitations if the new cause of action would be otherwise barred." (*Kansas City v. Hart*, 60 Kan. 684, 691, 57 Pac. 938.)

Amendments which amplify the averments in the original pleading or which state the same wrong or right in a different form can not be said to state a new cause of action or let in the statute of limitations. Here, however, it was conceded that the negligent act pleaded in the amendment was not the one originally alleged. It appears that two fires were started by the railroad company, one in the town of Wakeeney and another five miles away from that place, and it is not claimed that the latter was connected with or a continuation of the former. The mere fact that the plaintiff's property was burned gives no right of action against the defendant. It depends rather upon the negligence and wrong of the defendant in starting the fire which resulted in burning the plaintiff's trees. The cause of action is made up of two elements, the negligence of the defendant and the injury suffered by the plaintiff, and the fact that the defendant was negligent at Wakeeney

does not sustain the claim that it was negligent at another time and at a place five miles away from Wakeeney. It is true that both pleadings charge negligent acts of the same general character which were not far apart in point of time, but as pleaded they were distinct wrongs, resting upon wholly different facts and circumstances. The amendment was not the amplifying of the facts, nor the correction of the statement of the same facts. The original petition set up a complete cause of action based on one tort and the amendment set up a complete cause of action based on another tort, and these might be open to different defenses, and testimony which would support negligence in one case might have no bearing on the other. It is quite unlike a case where there has been a single tort which has been insufficiently or incorrectly described or where the amendment is no more than a change of the form or expression of the subject-matter of the action.

The plaintiff refers to *Culp v. Steere*, 47 Kan. 746, 28 Pac. 987, as an authority that the amendment was permissible. There the original petition claimed damages because of wrongful statements made in the sale of a horse, while the amendment set up that the wrongful statements included a warranty that the horse was fit for the purpose for which he was sold. There was therefore no substantial change of plaintiff's claim. The cited case of *Railway Co. v. Moffatt*, 60 Kan. 113, 55 Pac. 837, 72 Am. St. Rep. 343, is not applicable, as the amended petition did no more than "set forth definitely that which had been pleaded generally in the original petition, and therefore it can not be said that a new cause of action or a new ground of recovery was introduced." (Page 115.) Another case referred to is *Bank v. Layfeth,* 63 Kan. 17, 64 Pac. 973, where an amendment was allowed. The subject-matter of the action was that the bank by its wrongful acts had deprived the plaintiff of his interest in a herd of cattle.

In the original petition he alleged that the cattle had been sold and disposed of by the bank and converted to its own use and in the amended petition it was alleged that the bank directed and procured another to sell the cattle and that it had appropriated and converted the proceeds of the sale to its own use, and it was properly held that the transactions pleaded were substantially identical. In *Railway Co. v. Ludlum*, 63 Kan. 719, 66 Pac. 1045, a fire case, an amendment was authorized. The original petition charged negligence in setting out a fire in grass growing upon and near the track of the railway company by a defective locomotive negligently handled, while the amended petition alleged negligence in allowing grass, weeds and leaves to accumulate on the right of way and that the fire mentioned in the original petition was communicated to these by the negligence of the company in the operation of its road. This, as was said, was only an amplification of the negligence alleged in the original petition. In each pleading reference was made to the same fire, and the amendment gave a fuller and more specific statement of the condition of the grass on the right of way and of the starting of the fire which resulted in the plaintiff's loss. In the present case, if the plaintiff in his amendment had described and relied on the fire first pleaded, and had only enlarged upon the manner in which that fire started and was communicated to his premises, it might be said that it did not substantially change his claim so as to let in the defense of the statute of limitations. It is not enough to avoid the bar that the new facts relate to the same transaction, nor that the new claim might be united with the old one if seasonable application had been made, but wherever the facts stated in the amendment amount to a new cause of action it may not be added after the statute of limitations has run.

In *A. T. & S. F. Rld. Co. v. Schroeder*, 56 Kan. 731, 44 Pac. 1093, it was said that "a plaintiff can not de-

prive a defendant of the benefit of the statute of limitations by engrafting upon a case commenced in time another cause of action barred by the statute." (Page 734.) In *Kansas City v. Hart*, 60 Kan. 684, 57 Pac. 938, where a daughter was killed, the father first set up a common-law liability for the loss of her services. He also had a cause of action under the statute as next of kin, and, after the statute of limitations had run, undertook to tack the latter cause of action upon the former and thus escape the running of the statute, but it was determined that, although either cause of action might be supported by the same evidence as to the way the daughter was injured and as to the defendant's negligence, it was in fact a different claim or right of action, and hence was open to the bar of the statute.

Plaintiff insists that these cases are not applicable because they relate to a departure from law to law, but if the amendment introduces a new right of action it is immaterial whether it is a change in the facts or the law. "A departure may be either in the substance of the action or defense, or the law on which it is founded." (Saunders, Pl. & Ev., 807. See, also, 1 Chitty, Pl., 16th ed., 811.) A departure from law to law may be more distinctly marked than one from fact to fact, but the latter is equally vulnerable to attack and open to the operation of the statute of limitations where the amendment introduces a new cause of action after the statutory period. This is illustrated in the case of *Box v. Chicago R. I. & P. Ry. Co.*, 107 Iowa, 660, 78 N. W. 694. There the plaintiff first charged negligence of the railway company in using different systems of coupling appliances on its cars by which he was injured. After the statutory period the plaintiff sought to amend by charging that the company's negligence consisted in allowing the appliances to become loose and out of repair, and it was held to be a departure from fact to fact, which was not permissible after the statute of limitations had run. In *Union Pacific*

*Railway Co. v. Wyler,* 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983, the amendment asked based the right of recovery on a law other than that upon which the original claim was founded, and the court, while recognizing it as a departure from law to law, added that "if the charge of incompetency in the first petition was not *per se* a charge of negligence on the part of the fellow servant, then the averment of negligence apart from incompetency was a departure from fact to fact, and, therefore, a new cause of action." (Page 295. See, also, *Railway Co. v. Bagley,* 65 Kan. 188, 69 Pac. 189; *Van de Haar v. Van Domseler,* 56 Iowa, 671, 10 N. W. 227; *Wabash R. R. Co. v. Bhymer,* 214 Ill. 579, 73 N. E. 879; *C. & A. R. R. Co. v. Scanlan,* 170 Ill. 106, 48 N. E. 826; *Wingert v. Circuit Judge,* 101 Mich. 395, 59 N. W. 662; *Harper v. I. C. R. R. Co.,* 74 Ill. App. 74; *Nelson v. First National Bank of Montgomery,* 139 Ala. 578, 36 South. 707, 101 Am. St. Rep. 52; *Meinshausen v. A. Gettelman Brewing Co.,* 133 Wis. 95, 113 N. W. 408; *Stevens v. Brooks,* 23 Wis. 196; *O'Connor v. Chicago & Northwestern R. Co.,* 92 Wis. 612, 66 N. W. 795; *Whalen v. Gordon et al.,* 95 Fed. 305, 37 C. C. A. 70; *Lambert v. McKenzie,* 135 Cal. 100, 67 Pac. 6.)

The cause of action set forth in the amended petition and upon which plaintiff relied being barred, there can be no recovery thereon, and therefore the judgment is reversed and the cause remanded, with directions to enter judgment in favor of the defendant.