No. 18,515.

ALPHA G. SIEGRIST et al., *Appellees*, V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

DEATH OF CHILD—*No Recovery by Parent.* No recovery can be had by a parent for the death of a child except in virtue of the statute.

Appeal from Reno district court; CHARLES E. BRANINE, judge. Opinion filed January 10, 1914. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellant.

*Frank L. Martin,* and *C. M. Williams,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

MASON, J.: Alpha G. Siegrist and Hazel Siegrist recovered a judgment against the Atchison, Topeka and Santa Fe Railway Company for causing the death of two infant children of the plaintiffs, and the defendant appeals. The petition did not allege, nor did the proof show, the existence of facts sufficient to give the plaintiffs a cause of action under the statute. In their brief it is stated that the action was brought as a common-law action, and the judgment is sought to be upheld upon the ground that under the common law the father can recover damages against one who negligently causes the death of his child. Many decisions are cited to the effect that a father, being entitled to the services of his minor child, has a cause of action against one who deprives him of them. But these decisions merely announce the general principle, and they are based upon acts which did not result in death. It is held that where a minor receives an injury which results in death, the father may recover for the loss of

services between the time of the injury and the death, but no further. (8 A. & E. Encycl. of L. 856; 13 Cyc. 311.) The specific question involved is fully treated in a note in 41 L. R. A. 807, under the topic, "Common-law right of action of parent for loss of services of child killed." The conclusion there reached, which appears to be fully sustained by the authorities, is that, in the absence of a statute, no action will lie by the parent for the death of a child, except in Georgia, and that even there no recovery is allowed in the case of a child too young to render valuable services. See, also, Note, 70 Am. St. Rep. 669. In this state it has been held that an action by a parent on account of the death of a child can be maintained only in virtue of the statute. (*City of Eureka v. Merrifield,* 53 Kan. 794, 37 Pac. 113.) In *Kansas City v. Hart,* 60 Kan. 684, 57 Pac. 938, it was held that a petition asking damages for the death of a child, which omits averments requisite under the statute, can not have the omission supplied by amendment after the period fixed by the statute of limitations has run. Language was there used which might seem to suggest that a good cause of action at the common law was stated. The averments of the petition, however, were referred to as indicating "an attempt" to state a common-law liability, and the amendment was obviously desired because it was seen to be necessary to the statement of a cause of action.

We feel constrained by these considerations to hold that the plaintiffs can have no recovery outside of the statute, and therefore their action must fail. We can not regard the soundness of the reason back of the established rule as open to inquiry. The legislature, recognizing the defect of the common law, has undertaken to remedy it, and the statute passed for that purpose must be regarded as covering the subject, and

affording an exclusive remedy. This view makes it unnecessary to examine the other matters argued.

The judgment is reversed, and the cause remanded with directions to render judgment for the defendant.