DAWSON AND OTHERS *against* THE STATE BANK.

ERROR *to Pulaski Circuit Court.*

If a summons against A. B. sen., is returned by the Sheriff served "on the within named A. B. jun.," the law presumes that that the Sheriff has done his duty, and not an illegal act; and the addition of the letters "jun.," will not falsify his statement that he has served the writ on the person named in it.

If the facts stated by the Sheriff, in his return, admitting them all to be true, do not show with reasonable certainty that the process has been executed in some manner prescribed by law, the return is invalid.

And although the law presumes that the Sheriff has done his duty, yet he is strictly required by the Statute, to set out in his return every thing done by him in the execution of a writ.

A return thus—"Executed the within writ on the within named A. B. and C. D. by delivering them a true copy of the same at their places of residences and leaving the same with a person over the age of 15 years, on &c., at &c.;" will be construed to mean that it was executed in no other way than by leaving a true copy at their respective places of residence, with some person over fifteen years of age.

And still the return is bad, and will not sustain a judgment by default, because it does not show that the person was a member of the family.

Debt. Declaration against James L. Dawson, James Scull, sen., and William R. Gibson, judgment by default. The writ was well served on Dawson ; as to Scull and Gibson the return was, "Executed the within writ on the within named James Scull jr., and Wm. R. Gibson, by delivering them a true copy of the same at their places of residence, and leaving the same with a person over the years of 15 of age, the 3d day of Jan. A. D. 1840, done in the town of Pine Bluff, Arks. Jefferson."

ASHLEY & WATKINS, for plaintiffs in error:

According to the decision of this Court in the case of *Gilbreath vs. Kuykendall,* 1 *Ark. Rep.* 50, on judgment by default, the defendant below is entitled to all legal exceptions to the writ and service thereof. And in *same case, p.* 52, the Court say, that "the defendant's right to insist upon a legal and valid service of the writ upon him, before he was bound to appear or subject to the consequences of a

64

legal default for not appearing, unless waived by himself, must be admitted." No judgment of any Court can be valid, unless it appears upon the record to have jurisdiction of the subject matter, and also of the parties, either by the legal service of valid process, or by their voluntary appearance. See also *Moore vs. Watkins et al.* 1 *Ark. Rep.* 269. And we apprehend the rule of law would be the same, where there is a joint suit, and judgment vs. several defendants, and no service of process as to one of them.

HEMPSTEAD & JOHNSON, *Contra:*

RINGO, C. J., delivered the opinion of the Court :

It is objected that the return of the officer, does not show any execution of, or attempt to execute it, on James Scull sen. one of the defendants therein named, and that, if executed at all, it appears affirmatively to have been executed on James Scull, jr., who is not named therein. This objection cannot, in our opinion, be maintained: Because the law will not admit the presumption, that an officer charged with the execution of process, has, in the execution thereof, not only failed to discharge his duty, but has actually done an illegal act, which he was in no wise commanded to do : but always presumes that every public officer has discharged his official duty, until the contrary is affirmatively shown. Here the officer, in his official return, states that he has executed the writ, "on the within named James Scull, jun.." The question is one of identity, and the simple addition of the letters "jr." after the name of James Scull, which the law does not regard as comprising any part of the name, cannot, upon any principle of law or reason, be suffered to disprove and falsify the positive assertion that the writ was executed on the person therein named.

Other objections however to the execution of the writ appear upon the face of the return, in which the officer executing the writ, was bound to "set out how and in what manner he executed the same." (*Rev .St. Ark. ch.* 116, *S.* 20). Consequently when the facts as stated, admitting them all to be true, do not show with reasonable certainty, that the process has been executed in some manner prescribed by

Dawson and others *against* the State Bank.

law, the parties, upon whom such execution is not shown, cannot, in justice or according to law, be considered and treated as legally in default, for failing to comply with the mandate of the writ: because until they have such notice of the writ and proceeding, the law imposes no obligation on them to observe or obey its mandate, or to appear in Court to answer the demand exhibited by the plaintiff; nor can their rights in such case be legally adjudicated in their absence.

The writ issued in this case is a summons, and the law prescribes that "a summons may be executed either by reading the writ to the defendant, or by delivering him a copy thereof, or by leaving a copy thereof at his usual place of abode with some white person of the family over fifteen years of age." (*Rev. St. Ark. ch.* 116, *S.* 13.) The return before us is liable to much criticism, and the facts are so stated therein as to leave it somewhat uncertain whether a single copy of the writ was delivered to Scull and Gibson personally, and another left at their places of residence, or whether such copy was left for each at his place of residence. But after a careful examination of the whole return, we think the most reasonable and certain conclusion, which can be drawn from the facts as they appear, is that the writ was not executed upon Scull and Gibson, otherwise than by leaving a true copy thereof at their respective place of residence, with some person over fifteen years of age; which might all be strictly true, and yet the writ never have been executed in any manner prescribed by law; for the person, to whom the copies were delivered, may not have been a white person of the family of said defendants respectively. Now, although it is true, as before stated, that the law presumes every officer to have discharged his duty agreeably to law, yet it was no less his duty to set forth, in his return of the writ, truly every thing done by him in the execution thereof, according to the positive injunction of the Statute, than it was to execute the writ itself: and therefore, under the same rule, we are bound to presume that he has done so in the return before us, and as sufficient does not appear from the facts stated to constitute a legal and valid execution of the writ, on the defendants Scull and Gibson, the Court has no jurisdiction over their persons, nor any power to adjudicate their rights without their consent, which in this case does not appear in any wise

Dawson and others *against* the State Bank.

to have been given. The return therefore, did not authorize the Court to adjudicate the case, and pronounce judgment against the defendants Scull and Gibson, as for a default in not appearing to the action, while they were under no legal obligation to appear thereto; and in so doing the Court manifestly erred: Judgment reversed, and case remanded. Case to proceed as if process served.