TALLMAN v. BALTIMORE & O. R. Co.

AULT v. SAME.

(*Circuit Court, S. D. Ohio, E. D.* February 21, 1891.)

1. WRITS—SERVICE ON CORPORATION—RETURN.
Under Rev. St. Ohio, § 5044, which provides that process against a railroad company may be served upon any regular ticket or freight agent thereof, a return that the summons was served upon a "ticket agent and general agent" of the defendant is defective in not showing that the person served was a "regular" ticket agent.

2. SAME—AMENDMENT OF RETURN.
After a cause has been removed to a federal court, the sheriff cannot amend his return on the summons.

3. SAME—WAIVER BY APPEARANCE—REMOVAL OF CAUSES.
After a cause has been removed to a federal court on the application of the defendant, he cannot object to the service of the summons, since petitioning for removal amounts to a general appearance. Following *Sayles* v. *Insurance Co.*, 2 Curt. 212.

At Law. On motion to quash service of summons.

*L. Danford, J. W. Shannon,* and *James C. Tallman,* for plaintiffs.

*J. H. Collins,* for defendant.

SAGE, J. These cases were removed from the court of common pleas of Belmont county, Ohio, by the defendant. The service in each case, as shown by the transcript, was by delivering to C. W. Stralls, "ticket agent and general agent of the within named, the B. & O. R. R. Co., a certified copy of this summons, with all the indorsements thereon, the president or other chief officer of the said B. & O. R. R. Co., not found in my county." The defendant now comes, and, "entering its appearance for the purpose of this motion, and for no other purpose whatsoever," moves the court to quash the summons and service, for the reason that it is not a sufficient or legal service.

Counsel for plaintiff in each case insists that due and legal service was in fact made, and moves that the sheriff of Belmont county be allowed to amend his return so as to make it correspond with the facts, and that the clerk of the court of common pleas of Belmont county be authorized to certify such amended return to the clerk of this court, and that the same be made part of the transcript of the proceedings of said court, and for all other proper orders. The plaintiff's motion must be overruled.

The jurisdiction of the state court over these cases was terminated by the filing of the petition for removal, and this court can issue no order to, nor confer any authority upon, any officer of that court with reference to any proceeding in this case.

The law of Ohio providing for service of summons upon a corporation (section 5044, Rev. St. Ohio) enacts that—

"If the corporation is a railroad company, whether foreign or created under the laws of this state, and whether the charter thereof prescribes the manner and place, or either, of service of process thereon, the summons may be served upon any regular ticket or freight agent thereof; or, if there is no such agent, then upon any conductor, in any county in the state in which such road is located, and through which it passes."

The service is defective in that it does not show that Stralls, upon whom it was made, was a regular ticket agent of the defendant. It is true that the return does not show that the service was made in Belmont county, but, the court of common pleas being a court of general jurisdiction, it will be presumed that the service was made in the proper county, for the reason that a court of general jurisdiction will always be presumed to have jurisdiction of the cause and the parties until the contrary appears. *Knowles* v. *Gas-Light & Coke Co.*, 19 Wall. 61.

But is the defendant entitled to make the objection? Counsel cite *Hendrickson* v. *Railroad Co.*, 22 Fed. Rep. 569, and *Kauffman* v. *Kennedy*, 25 Fed. Rep. 785, in support of the proposition that the filing of the petition and bond for removal did not amount to an appearance in the case, and, unless accompanied by a general appearance, does not prevent a motion in the federal court to set aside the service of process and dismiss the suit for want of jurisdiction over the defendant. In *Hendrickson* v. *Railroad Co.* service was obtained in the state court by a writ of attachment, but there was a failure on the part of the plaintiff to make proper affidavits to obtain an order legally for service of process by publication. The suits were in the county of Hennepin, in the state of Minnesota, and were brought to recover damages for personal injuries which were inflicted in the state of Missouri. The defendant corporation had no place of business in Minnesota, and transacted no business therein. A motion was filed in the state court to dismiss for want of jurisdiction, and immediately thereafter petitions were filed and bonds given to remove the cases to this court. There are three cases included in the one report. The motion to dismiss for want of jurisdiction was renewed in the United States court. The court held that the appearance of the defendant in the state court for the purpose of removal was not a general appearance, so as to give the court jurisdiction of the party, nor was it a waiver of all irregularities; and, sustaining the objection to the jurisdiction, dismissed the cases. The ruling was undoubtedly correct, because, prior to the filing of the petition for removal, the objection to the jurisdiction was made in the state court, and the provision in the removal act that, upon the filing in the federal court of a copy of the record in the cause removed, it shall then proceed in the same manner as if it had been originally commenced in the circuit court, preserves the objection made in

the state court, and brings it before the federal court for consideration. The jurisdiction of the circuit court is in no sense appellate, and questions passed upon in the state court cannot be reviewed, but it becomes the duty of the federal court to hear and decide all questions pending in the state court when the removal is made. Thus the defendant may enter a special appearance in the state court for the purpose of objecting to the jurisdiction, and, h..ving filed his objection, remove the case to the federal court, and try there, first of all, the objection to the jurisdiction of the state court; and, if that objection was well taken, it will be sustained, and the case dismissed.

In *Kauffman* v. *Kennedy*, before the removal of the case to the federal court, counsel for the defendant made a special appearance in the state court, and moved to quash the service of summons because process was served on the defendant, a resident of Michigan, while he was attending as a witness in the state in which he was served with summons in a criminal prosecution against the plaintiff. After the removal of the cause to the federal court, the motion to quash was insisted upon, and the court held that the defendant, upon the facts stated, did not waive his right to insist upon the motion, which was sustained, and the service quashed. The proposition advanced by counsel for the defendant in this cause was sustained in the following cases: *Parrott* v. *Insurance Co.*, 5 Fed. Rep. 391; *Small* v. *Montgomery*, 17 Fed. Rep. 865; and *Atchison* v. *Morris*, 11 Fed. Rep. 582.

In *Miner* v. *Markham*, 28 Fed. Rep. 387, it was held that where a defendant appears specially in the state court, both in his motion to set aside a service of summons, and in his application for a removal of the case to the United States court, and the motion in the state court is denied without prejudice to a renewal of the same, the defendant has not waived his privilege, and can assert it in the United States circuit court with the same force and effect as if the suit had been brought and the motion made there in the first place.

The contrary view was taken in *Sayles* v. *Insurance Co.*, 2 Curt. 212, (where an appearance for the removal of the cause was put upon the same footing as pleading to the merits, whereby pleas in abatement are waived;) in *Sweeney* v. *Coffin*, 1 Dill. 73; and in *Bushnell* v. *Kennedy*, 9 Wall. 387. This last case arose upon the clause of section 12 of the judiciary act, which provides that after removal "the case shall then proceed in the same manner as if it had been brought by original process," which is, in substance, the provision contained in section 3 of the act of March 3, 1887, as amended August 13, 1888. The court said that it could not recognize the validity of the inference that the defendant, before pleading in the circuit court, may move to dismiss the suit for want of jurisdiction. "This construction," says Chief Justice CHASE, in deciding the case, "would enable the non-resident defendant in a state court to remove the suit against him into the circuit court, and there, by a simple motion to dismiss, defeat the jurisdiction of both courts. Such a construction, unless imperatively required by the plain language of the act, is wholly inadmissible, and it is clear that the language of the act does not require

it. Its plain meaning is that the suit shall proceed, not that it shall proceed unless the defendant moves to dismiss. The defendant is not in court against his consent, but by his own act; and the suit is to proceed as if brought by original process, and the defendant had waived all exception to jurisdiction, and pleaded to the merits. * * * The first act of the defendant, indeed, under section 12, is something more than consent,—something more than a waiver of objection to jurisdiction. It is a prayer for the privilege of resorting to federal jurisdiction, and he cannot be permitted afterwards to question it." This case is not cited in any of the subsequent cases in the circuit court which hold otherwise. As they are in conflict with it, they cannot be regarded as authority. Precisely what the chief justice said might result if the construction claimed was recognized, is sought in this case, for counsel insist, not only that there was no service in the state court, and that no amendment can be made by the sheriff of the state court, but also that the case does not come within the provision of the Revised Statutes of the United States relating to amendments, (Rev. St. U. S. § 954;) and that therefore nothing can be done excepting to dismiss the suits.

The motions are overruled. The defendant will have 30 days within which to answer.