SOUTHERN BUILDING & LOAN ASSOCIATION *v.* HALLUM.

Opinion delivered Nov. 10, 1894.

1. *Foreign corporation—Service of process.*

Under Sandels & Hill's Digest, sec. 1323, providing that, before any foreign corporation shall begin to carry on business in this State, it shall designate an agent upon whom service of summons and other process may be made, and that "service upon such agent shall be sufficient to give jurisdiction over such corporation in any of the courts of this State," *held*, that a judgment by default against a foreign corporation in a court of this State will not be supported by a sheriff's return upon the summons reciting that it was served upon a State agent of defendant, without stating that such agent had been designated by defendant to receive service of process.

2. *Appearance—Motion to vacate judgment.*

The filing of a motion to set aside a judgment for want of jurisdiction of defendant's person is not an appearance to the suit nor a waiver of service of process or of notice.

Appeal from Miller Circuit Court.

RUFUS D. HEARN, Judge.

*S. R. Cockrill* and *Geo. H. Sanders* for appellant.

1. The cause of action was transitory, and could only be brought in the county where the defendant resided or was summoned. Mansf. Dig. sec. 5007; Newman, Pl. & Pr. p. 39; 44 Ark. 229. The court had no jurisdiction, and the judgment was void.

2.   The special appearance of defendant for the purpose of filing a motion to set aside the judgment for want of jurisdiction was not an appearance to the action or a waiver of service.   39 Ark. 347.

*John Hallum pro se.*

1.   The summons was issued under act of April 14, 1887, p. 234, and Mansf. Dig. secs. 4978–4981.

2.   A judgment by default will not be set aside until it is adjudged that there is a good defense.   Mansf. Dig. secs. 3911–3912; 54 Ark. 397.

3.   A defective summons may be amended.   32 Ark. 406; 55 *id.* 205; 32 *id.* 278; 22 *id.* 363; 37 *id.* 450; 25 *id.* 97; 34 *id.* 682; 44 *id.* 410; 45 *id.* 34; 43 *id.* 238.

BATTLE, J.   This action was brought in the circuit court of Miller county, in this State.   The style of it, as it appears in the complaint, is as follows:   "John Hallum, plaintiff, vs. The Southern Building & Loan Association, of Knoxville, Tenn., and S. M. Johnson, defendants."   The summons in it commanded the sheriff of Monroe county to "summon W. T. Tucker, State agent of the Southern Building & Loan Association, to answer on the first day of the next November term of the Miller circuit court, which will be the 28th day of November, 1892, a complaint filed against the Southern Building & Loan Association and S. M. Johnson, general manager, in said court, by John Hallum."   It was returned to the clerk of the Miller circuit court with the following indorsements thereon:

"State of Arkansas, } ss.
  County of Monroe.

I hereby certify that, on this 24th day of September, 1892, I have duly served the above and hereto attached writ of summons by delivering a copy and stating the substance thereof to the within named W. T.

Tucker, State agent of the Southern Building & Loan Association, in Monroe county, Arkansas.

T. T. BATEMAN, Sheriff,

By R. J. HANKINS, Deputy Sheriff."

"State of Arkansas,  ⎫ ss.
   County of Monroe. ⎭

I hereby certify that on this 24th day of September, 1892, I have duly served the within writ by delivering a copy and stating the substance thereof to the within named parties in Monroe county, Arkansas.

T. T. BATEMAN, Sheriff.

By R. J. HANKINS, D. S."

Up to this time there is no pretense for saying that the summons was served on the Southern Building & Loan Association.   The sheriff was not commanded to do so.   After the return of the summons plaintiff dismissed his action as to Johnson, and amended his summons so as to require the sheriff to summon the Southern Building & Loan Association, but it was never served again.   The defendant failing to appear, the court rendered a judgment by default against it in favor of the plaintiff for $1000.   The Association, refusing to appear, moved the court to set aside the judgment.   The court denied the motion, and the defendant appealed.

The appellee probably intended that his summons should be served on the appellant by the delivery of a copy thereof to W. T. Tucker, as its agent, and stating the substance of the same.   Construing it in this manner, was the service of the summons, as shown by the return, sufficient in law to sustain the judgment by default?

The appellant had the right to insist upon a valid summons, and a legal service thereof, before it was bound to appear and answer the complaint in this action, or suffer the consequences of a failure to do so.   Until

1. Service of process on foreign corporation.

it was legally served with process, the court was not warranted in rendering the judgment by default. The object of the return was to show to the court whether the summons was properly served, and the defendant had been informed of the pendency of the action in the manner prescribed by law. Unless it did so with reasonable certainty, the court did not legally adjudicate its rights in its absence. *Gilbreath* v. *Kuykendall*, 1 Ark. 50 ; *Dawson* v. *Bank*, 3 Ark. 505 ; *Bruce* v. *Arrington*, 22 Ark. 362 ; *Cairo & Fulton Railroad Co.* v. *Trout*, 32 Ark. 23 ; *Aiken* v. *Mariposa Mining Co.* 6 Cal. 186 ; *Alexandria* v. *Fairfax*, 95 U. S. 780.

When a statute provides that the service of a summons for a corporation shall be served on a certain kind of an agent, the return must show that service was made upon an agent of the class designated by the statute. "Thus when the statute provides for service of process upon the 'nearest station or freight agent' of a railroad company, a return of service 'on the nearest agent' is not sufficient. *Haley* v. *Hannibal, etc. R. Co.*, 89 Mo. 112. So when the State authorizes service on 'a regular ticket or freight agent,' the return is insufficient if it fails to state that the ticket agent served was a 'regular' one." *Tallman* v. *Baltimore etc. R. Co.* 45 Fed. 156 ; *Dickerson* v. *Burlington etc. R. Co.* 43 Kas. 703 ; *Chicago Planing Mill Co.* v. *Merchants' Nat. Bank*, 86 Ill. 587.

This was an action *in personam*, and the appellant is a foreign corporation. We know of no statute under which a summons in such a case can be lawfully served on an agent of the defendant out of the county in which the action was brought, except section 1323 of Sandels & Hill's Digest, which provides: "Before any foreign corporation shall begin to carry on business in this State, it shall, by its certificate under the hand of the president and seal of such company, filed in the office of

the Secretary of State, designate an agent, who shall be a citizen of this State, upon whom service of summons and other process may be made. Such certificate shall also state the principal place of business of such corporation in this State. Service upon such agent shall be, sufficient to give jurisdiction over such corporation to any of the courts of this State." The return upon the summons in this case does not show that W. T. Tucker was designated as such agent. He may have been the agent of the appellant for the entire State for certain purposes, but not for receiving service of process. There might have been others whose agency extended over the entire State, but did not comprehend that mentioned in section 1323. Hence it does not appear, in the return upon the summons in this suit, that Tucker was designated an agent to receive service of process, and that a summons in an action in the Miller circuit court could be lawfully served upon him in Monroe county. Consequently, there is no return upon which the judgment by default against the appellant can be based.

The filing of the motion to set aside the judgment because of the want of the jurisdiction of the person of the defendant was no appearance in the suit, or waiver of service of the summons, or of notice. *Baskins* v. *Wylds*, 39 Ark. 347.

2. Whether filing motion is appearance to suit.

The judgment of the court below is, therefore, reversed, with costs; and the cause is remanded to the Miller circuit court, to be proceeded in by that court as if the appellant was duly served with process in this action.