THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY v. JACOB SCHROEDER.

No. 8460.

CAUSE OF ACTION BARRED, *Ingrafted upon Case not Barred.* A plaintiff cannot deprive a defendant of the benefit of the statute of limitations by ingrafting upon a case commenced in time another cause of action barred by the statute. Accordingly, where S., a section-foreman, commenced his action in due time against the railroad company to recover damages for personal injuries sustained in its service by the failure of the company to perform its common-law duties toward him, and more than two years after the injury he filed an amended petition containing an additional cause of action, namely, that the injury was the result of the negligence of a fellow servant, for which the company would be liable only under chapter 93, Laws of 1874, *held*, that the statute of limitations, as applied to such new cause of action, treats the action as commenced when the amendment was incorporated into the pleadings, and not as begun when the action itself was commenced, and that it was barred.

*Error from Butler District Court.*

THE defendant in error commenced his action February 24, 1887, to recover damages for personal injuries sustained by him while engaged at work as a section-foreman on the railroad of the plaintiff in error. A demurrer to his petition was sustained, and by leave of court he filed an amended petition October 5, 1887. A demurrer to the amended petition was sustained at December term, 1887, and on March 7, 1888, a second amended petition was filed. The railroad company answered this petition, Schroeder replied, and at October term, 1888, the case was called for trial. The second amended petition contained two causes of action, the first being of the same nature as that stated in the original petition and the first amended petition. It purported to state a cause of action against the railroad company on its common-

law liability. For a second cause of action the pleader repeated most of the allegations of the first cause of action, and then added a clause which would be proper only under chapter 93, Laws of 1874 (¶ 1251, Gen. Stat. 1889), making railroad companies liable for all damages done to their employees in consequence of the negligence of coemployees. An objection of the railroad company to the introduction of any evidence on the second cause of action was sustained, and the case proceeded to trial on the first cause of action, and a verdict was returned in favor of the defendant in error for $3,000, and judgment was entered upon the verdict. Said judgment was reversed upon a proceeding in error in this court, at July term, 1891, and the case was remanded for further proceedings. (47 Kan. 315.) The first cause of action is set out in full in the report of the case. The new matter set up in the second cause of action was as follows :

"That while in the discharge of his duty as aforesaid, the defendant railroad company, by one of its employees, to wit, John Faust, who was assisting the plaintiff in the handling of said rails, having one end of the rail and the plaintiff the other end of the rail of the weight of 560 pounds, carrying and placing it on the ties, carelessly, negligently, and without the knowledge of the plaintiff, and without any word of warning to the plaintiff, dropped his end of the rail, causing an unusually severe and injurious shock to the plaintiff, injuring and damaging him as above stated ; and the said John Faust then and there being the employee of the defendant railroad company, and the injury to the plaintiff was inflicted by reason of the negligent and careless manner in which the said John Faust handled and dropped said rail."

After the remanding of the case, the second amended petition remained unchanged, but the railroad company filed a second amended and supplemental answer,

pleading, among other things, the two-years statute
of limitations, to which Schroeder replied; and the
case was again called for trial March 21, 1892. The
railroad company objected to the introduction of any
evidence under each of the causes of action because
neither stated facts sufficient to constitute a cause of
action, and because each had been adjudicated. The
court sustained the objection to the first cause of ac-
tion, but the trial proceeded upon the second cause of
action, and a verdict was returned in favor of Schroe-
der for $2,800, and judgment was entered upon the
verdict. The evidence showed, and the jury found,
that the injury to Schroeder occurred February 17,
1886. The opinion herein was filed May 9, 1896.

*A. A. Hurd*, and *Redden & Schumacher*, for plaintiff
in error.

*E. N. Smith*, and *G. P. Aikman*, for defendant in
error.

The opinion of the court was delivered by

MARTIN, C. J. : An action to recover damages for
personal injuries suffered by a servant of a railroad
company from the negligence of a fellow servant must
be brought within two years. (*A. T. & S. F. Rld. Co.
v. King*, 31 Kan. 708.) Schroeder was injured Febru-
ary 17, 1886, and he commenced his action February
24, 1887, but his right of action was founded directly
upon the duty of the master toward him ; and this
was not changed, but on March 7, 1888, a further
cause of action was added, and this was based, not
upon the negligence of the master, but upon that of
a fellow servant, thus setting up a right of action not
existing at the common law, but founded upon the
statute of 1874. If the second amended petition should

relate back in all its parts to the original petition, then the two-years statute of limitations does not apply; but if we are to treat the second cause of action as instituted at the time the necessary allegations were made and filed, then the right of action was barred by that statute. As a general rule, amendments and amended pleadings relate back to the filing of the originals or to the commencement of the action. But it has been several times decided by this court that this rule does not obtain where the defendant has a separate and distinct cause of action against the plaintiff, which is set up by way of cross-petition. (*Neddo v. Neddo*, ante, p. 507, 44 Pac. Rep. 2, and cases cited.) And we think the reasoning in those cases must lead to the conclusion that a plaintiff cannot deprive a defendant of the benefit of the statute of limitations by ingrafting upon a case commenced in time another cause of action barred by the statute. In *Hiatt v. Auld*, 11 Kan. 176, 182, 183, it was held that a cause of action is not saved by section 23 of the code unless the second action is substantially the same as the first; that the form may be different and the regulations may vary, "but the right to recover must grow out of the same transaction, and depend upon similar grounds of liability on the part of the defendant." It is true that Schroeder had but one grievance, and this was the personal injury sustained by him on February 17, 1886, in the unloading of rails. For more than a year he prosecuted his action averring the fault of the master alone. Afterward, he alleged another cause of action for the same grievance, not "upon similar grounds of liability on the part of the defendant," but upon the alleged fault of a fellow servant. In the first cause of action he relied upon the common-law liability of the master; in

the second, upon the liability cast upon the master by the statute of 1874 on account of the fault of a servant. Now, although it was permissible to allow a second cause of action to be added by amendment, this should not deprive the defendant below of the benefit of the statute of limitations as to such added cause of action.

The case of *K. P. Rly. Co. v. Salmon*, 11 Kan. 83, same case, 14 id. 520, is cited as inconsistent with the conclusion here reached. In that case, the first trial was upon the theory that Salmon was a passenger; but the judgment in favor of his administratrix was reversed by this court. After the case had been remanded for a new trial, the court allowed an amendment to the effect that Salmon was an employee of the railway company, and it was held here that this was not error. No question of the statute of limitations was raised, and both the original and the amended petition stated a cause of action at common law, each being based upon the negligence of the railway company itself, and the amendment being favorable to the company, because ordinary care only was required on its part toward an employee, while extraordinary care was due to a passenger.

This question has been recently decided by the supreme court of the United States in *U. P. Rly. Co. v. Wyler*, 158 U. S. 285. Wyler, an employee of the railway company, was injured in its yards at Wyandotte in April, 1883. He commenced his action in the circuit court of Jackson county, Missouri, September 25, 1885, alleging that he was injured through the incompetency of Kline, a coemployee, and charging that such incompetency was well known to the railway company but unknown to the plaintiff. The petition therefore stated a cause of action at common

law for the fault of the master. The case was removed to the United States circuit court and remained pending until October 30, 1888, when the plaintiff filed an amended petition, in which he reiterated his original averments and added thereto the charge that his injury resulted from the negligence and mismanagement of Kline. On November 2, 1888, he filed a second amended petition, which eliminated the charge of the incompetency of Kline and the knowledge of such incompetency on the part of the railway company, and further stated that he had "a cause of action against the defendant under and by virtue of the law of Kansas in such cases made and provided, in section 1, chapter 93, Laws of Kansas of 1874." The court decided that the statute of limitations, as applied to such new cause of action, treats the action as commenced when the amendment was incorporated into the pleadings, and not as begun when the action itself was commenced. The Missouri statute of limitations in such cases is five years, but more than that time had elapsed from the date of the injury in April, 1883, until October 30, 1888, when the cause of action under the statute was first set up. The court held the action to be barred, Justice White delivering the unanimous opinion of the court, which is very exhaustive, and to which we refer as containing a full citation and review of the authorities upon the subject both old and new.

As it appears from the record that when Schroeder set up his second cause of action it was barred by the statute of limitations, the judgment of the court below must be reversed, and judgment entered in favor of the defendant below.

All the Justices concurring.