ALDACE F. WALKER AND JOHN J. McCOOK, *as Receivers of the Atchison, Topeka & Santa Fe Railroad Company,* v. VENE HESTER.

**No. 594.** (59 Pac. 662.)

LIMITATION OF ACTION—*Amended Petition—New Cause of Action.* Where an action is brought in Kansas, based upon a particular section of the Missouri statute, and afterward an amended petition is filed alleging a right of action under another section of the same statute, and the time in which the plaintiff had a right to bring said second action expired before the amended petition was filed, *held*, that said second action is not saved by the filing of the original petition in time.

Error from Wyandotte court of common pleas; W. G. HOLT, judge.   Opinion filed January 4, 1900.   Reversed.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for plaintiffs in error.

*Scroggs & McFadden, M. J. Oldham,* and *Porterfield & Pence,* for defendant in error.

The opinion of the court was delivered by

WELLS, J. : On the 18th day of September, 1895, the defendant in error filed her petition in the court of common pleas of Wyandotte county, alleging, in substance, that she was the wife of Robert M. Hester until his death, and is now his widow ; that Aldace F. Walker, John J. McCook and Joseph C. Wilson were receivers of the Atchison, Topeka & Santa Fe Railroad Company, a corporation, and as such were managing and running lines of railroad, including a certain switch, spur or side-track known as " P Vine " switch, in Kansas City, Mo., and main line No. 2, about five feet therefrom ; that on and prior to the 28th day of April, 1895, said Robert M. Hester was in the employ

of said receivers as switch engineer on engine No. 572; that about 5:30 o'clock of said day he was oiling his engine, which was standing on said "P Vine" switch, and had to pass from the tender to the boiler, and in doing so had to pass around a water-plug and tool-box negligently placed and kept there by said receivers, and in doing so was hit by a passing train then running on main line No. 2, and carelessly, negligently and violently struck and thrown down under the same, and from the injuries so received died within ten days thereafter; that said train was run at a rate of speed greater than allowed by the ordinances of said city, that the bell or whistle was not sounded or any other warning given of the approach of said train; and that said receivers, their officers, agents, servants, or employees, negligently and carelessly failed to avoid injuring said deceased, and failed to notify him of his peril after they knew, or could, by the exercise of ordinary care, have known, of his danger; that at said time the statutes of Missouri provided as follows:

"Whenever any person shall die from any injury resulting from or occasioned by the negligence, unskilfulness or criminal intent of any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train of cars, or of any master, pilot, engineer, agent or employee whilst running, conducting or managing any steamboat, or any of the machinery thereof, or of any driver of any stage-coach or other public conveyance whilst in charge of the same as a driver, and when any passenger shall die from an injury resulting from or occasioned by any defect or insufficiency in any railroad or any part thereof, or in any locomotive or car, or in any steamboat, or the machinery thereof, or in any stage-coach or other public conveyance, the corporation, individual or individuals in whose employ any such officer,

agent, servant or employee, master, pilot, engineer or driver shall be at the time such injury is committed, or.who owns any such railroad, locomotive, car, stage-coach or other public conveyance at the time any injury is received resulting from or occasioned by any defect or insufficiency, unskilfulness, negligence or criminal intent above declared, shall forfeit and pay for every person or passenger so dying, the sum of five thousand dollars, which may be sued for and recovered : First, by the husband or wife of the deceased ; or, second, if there be no husband or wife, or he or she fails to sue within six months after such death, then by the minor child or children of the deceased, whether such minor child or children of the deceased be the natural born or adopted child or children of the deceased. . . . In suits instituted under this section, it shall be competent for the defendant, for his defense, to show that the defect or insufficiency named in this section was not a negligent defect or insufficiency, and that the injury received was not the result of unskilfulness, negligence or criminal intent." (Gen. Stat. Mo., 1889, § 4425.)

It is further alleged in said petition that this suit is brought within six months after the death of her husband, as aforesaid; that by reason of said defendants' so negligently and carelessly placing, keeping and maintaining said water-plug and tool-box in said position, and by reason of the negligence and unskilfulness of said officers, agents, servants and employees of said receivers in running, conducting and managing said locomotive and train of cars on main line No. 2 contrary to the provisions of said ordinance, and by failing to .ring the bell or blow the whistle, whereby said engine and cars were run upon and against the body of said Robert M. Hester, by which he was injured and died, she has been damaged in the sum of $5000, for which, with costs, she prays judgment.

To this petition a demurrer was filed, and sustained upon the grounds that it did not state facts sufficient to constitute a cause of action, and that the court had no jurisdiction of the subject-matter.

On December 30, 1895, by leave of court, an amended petition was filed, the same being a copy of the original petition, with the additional allegations inserted therein as follows : "And plaintiff states that no personal representative has been appointed of said Robert M. Hester, deceased." . . . "And at the time of receiving the injuries from which said Hester died he was thirty-two years old and earning about $2000 a year." After the copy of section 4425 of the laws of Missouri, sections 4426 and 4427 were inserted, as follows :

" Sec. 4426. Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act,· neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

" Sec. 4427. All damages accruing under the last preceding section shall be sued for and recovered by the same parties and in the same manner as provided in section 4425, and in every such action the jury may give such damages, not exceeding five thousand dollars, as they may deem fair and just, with reference to the necessary injury resulting from such death, to the surviving parties who may be entitled to sue, and also having regard to the mitigating or aggravating circumstances attending such wrongful act, neglect or default."

This amended petition was demurred to on the same grounds as the original petition.. The demurrer was

overruled, and an answer filed containing (1) a gen·
eral denial; (2) an allegation that the action was
barred by the statutes of Missouri under which it was
brought; (3) an allegation that the deceased assumed
the risk of the injury that caused his death by his con·
tract of employment; and (4) a plea of contributory
negligence.   A general denial was filed in reply to the
answer and the case proceeded to trial upon the issues
thus formed.   The jury returned a verdict for the
plaintiff for $1000.   The defendants filed a motion in
arrest of judgment for the reason that the amended
petition did not state facts sufficient to constitute a
cause of action.   This motion was overruled, judg-
ment was rendered upon the verdict, and the case is
brought here for review.

The plaintiffs in error argue (1) that the amended
petition does not state a cause of action upon which a
recovery can be had in the state of Kansas; and (2)
that the cause of action, if any, was stated in the
amended petition, and was barred by the statute of
limitations at the time the amended petition was filed.

We shall consider the second proposition first, for
the reason that if the statute of limitations had run
the other proposition will require no consideration at
our hands.

The death occurred on or before May 8, 1895. The
original petition was filed on September 18, 1895, and
the amended petition on December 30, 1895. The
statute under which the action was instituted gave
the widow only six months in which to begin a suit,
so the only question is, Did the filing of the original
petition toll the statute? The law upon this subject
is thus stated by the supreme court of the United
States:

"The general rule is, that an amendment relates
back to the time of the filing of the original petition,

so that the running of the statute of limitation against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is, that, as the running of the statute is interrupted by the suit and the summons, so far as the cause of action then propounded is concerned, it interrupts as to all matters subsequently alleged, by way of amendment, which are part thereof. But where the cause of action relied upon in an amendment is different from that originally asserted, the reason of the rule ceases to exist, and hence the rule itself no longer applies.'' (*Union Pacific Railway v. Wyler*, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983.)

Was the cause of action set up in the original petition the same as that upon which the judgment was rendered? The original petition attempted to state a cause of action under section 4425 only; the verdict was evidently not under that section, but under sections 4426 and 4427.

It seems to us that in harmony with the decisions in *Union Pacific Railway v. Wyler*, supra, and *A. T. & S. F. Rld. Co. v. Schroeder*, 56 Kan. 731, 44 Pac. 1093, we must hold that the cause of action, if any, stated in the amended petition, does not relate back to the time of filing the original petition so as to save it from the bar of the statute limiting the time within which the action must be commenced by the widow. It is true that in each of these cases the first was a common-law right of action, and the second a statutory one, but we are unable to see any more radical difference between a common-law right of action and a statutory one than between two statutory actions.

The judgment of the court of common pleas is reversed, and a judgment directed in favor of the plaintiffs in error.

MAHAN, P. J., dissenting.

McElroy, J. (concurring specially)·: The action as first brought was for a recovery under a penal statute, which cannot be enforced under the laws of this state. By the amendment the party sought to bring this action within that class of causes authorized by our statute for the actual damage sustained. This was a material change of the basis of the action, and not having been made within six months, the action was barred by limitation. I am forced to concur in the conclusion.