ST. LOUIS & S. F. R. CO. v. LOUGHMILLER.

(District Court, W. D. Oklahoma.   February 6, 1912.)

No. 126.

**1. RAILROADS (§ 24*)—PROCESS—SERVICE—RETURN—SUFFICIENCY.**

Under Oklahoma territorial statutes, which authorized service of summons against corporations on specified officers or employés, required railroad companies to designate an agent in each county in which it operated for service of process, and authorized service on such agent instead of on an executive officer, a return on a summons showing service on a freight agent in a county where there was no executive officer is insufficient if it fails to show that defendant failed to designate an agent for service of process.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 52–56; Dec. Dig. § 24.*

Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

**2. APPEARANCE (§ 24*)—EFFECT—WAIVER OF ERROR.**

General appearance by defendant on the merits after unsuccessfully moving to quash the summons under special appearance does not waive error in not sustaining the motion.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. § 143; Dec. Dig. § 24.*]

**3. APPEAL AND ERROR (§ 436*)—WRIT OF ERROR—EFFECT.**

Proceedings in error divest the trial court of jurisdiction to proceed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2191, 2192; Dec. Dig. § 436.*]

**4. APPEAL AND ERROR (§ 662*)—CASE-MADE—EFFECT.**

A case-made filed in an appellate court imports absolute verity as to what occurred below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2850–2852; Dec. Dig. § 662.*]

**5. APPEAL AND ERROR (§ 440*)—TRANSFER OF CAUSE—EFFECT.**

Error in an Oklahoma territorial district court in refusing to quash summons for insufficiency of the return was not cured by an attempted amendment of the return allowed by the succeeding state district court, while proceedings in error were pending to review the judgment.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 440.*]

**6. PLEADING (§ 236*)—AMENDMENT—JUDICIAL DISCRETION.**

Amendment of pleadings under the code practice is largely discretionary.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 601; Dec. Dig. § 236.*]

**7. EVIDENCE (§ 80*)—PRESUMPTIONS—LAWS OF OTHER STATES.**

Generally, in a suit on a cause of action which arose in another state, if the laws of that state are not pleaded, the domestic laws will be applied as being presumably the same; but this rule does not apply to rights of action which did not exist at common law.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 101; Dec. Dig. § 80;* Common Law, Cent. Dig. §§ 14–16.]

**8. DEATH (§ 48*)—ACTION—PLEADING—LAWS OF ANOTHER STATE.**

In an action for death in another state or country, plaintiff must plead and prove that in such other state there is a statute permitting a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
193 F.—44

recovery; otherwise it will be presumed that the common law is in force there, and that therefore the action is not maintainable.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 63; Dec. Dig. § 48.*]

9. LIMITATION OF ACTIONS (§ 127*)—AMENDMENT OF PLEADINGS.

If a petition, though imperfectly drawn, shows that it is based on a statutory right, it may be amended any time, and the amendment will relate back to the date when suit was brought; but, where reference to the statute is first introduced after lapse of limitations, the cause of action is lost.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Action by J. A. Loughmiller against the St. Louis & San Francisco Railroad Company, tried in the District Court, Oklahoma County, Territory of Oklahoma. Judgment for plaintiff, and defendant brought error to the Supreme Court of Oklahoma Territory. From thence it was removed to the Circuit Court of the United States for the Western District of Oklahoma, and by operation of law transferred to this court. Reversed and remanded.

Flynn & Ames and R. A. Kleinschmidt, for plaintiff in error.
E. L. Fulton and C. W. Stringer, for defendant in error.

POLLOCK, District Judge. This proceeding in error was brought to review a judgment of the district court of Oklahoma county, territory of Oklahoma, entered in an action brought by defendant in error, the father of Guy A. Loughmiller, deceased, to recover damages for an injury resulting in death, alleged to have occurred through the negligence and wrongful act of the railway company. In the view taken of the case, after a reading and consideration of the record and briefs of counsel, I am of the opinion a detailed statement of the facts out of which the injury to deceased and his ensuing death arose is unnecessary. Suffice it to say the injury was inflicted on deceased December 24, 1903, while in the employ of the railway company as a brakeman, engaged in operating a train at Chickasha in the Indian country, from which injury death resulted the ensuing day.

At the time of his death deceased was single and unmarried. This action was instituted by his father as heir at law and next of kin in the district court of Oklahoma county in the then territory of Oklahoma, January 4, 1904. In order to a proper understanding of the principal grounds of error presented, a statement of the record is requisite.

The petition on which the action was instituted and tried made no reference whatever to any statutory enactment of the Indian country, where the injury occurred, creating a right of action in any one for damages sustained by reason of death by wrongful act. The summons, at the institution of the action, was served, as shown by the return thereon, in the following manner:

"I received this summons on the 5 day of Feby 1904 at ——— o'clock ——— M and executed the same in my county by delivering a true copy of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

within summons with all the endorsements thereon L. F. Poole as agent for the St. Louis San Francisco R. R. Co. this 8 day of Feby 1904.

> "M. A. O'Brien, Sheriff of Oklahoma County, Okla.,
> "By W. C. Sadler, Deputy."

In response to this summons defendant appeared specially and moved to quash the service made. As appears from the record, during the pendency of this motion to quash plaintiff applied to the court for an order permitting the sheriff to amend his return on the summons by inserting the word "freight" before the word "agent" in said return. which application was granted, and the return on the summons was accordingly so amended.

Thereupon defendant again moved the court to quash the service as shown by the amended return on the summons. Thereupon plaintiff again applied to the court for an order permitting the sheriff to further amend his return, which application was denied. Thereafter and on January 19, 1905, another summons was caused by plaintiff to be issued and served; the return indorsed thereon being as follows:

> "I received this summons on the 19th day of January 1905, at 11 o'clock a. m., and executed the same in my county by delivering a true copy of the within summons with all the endorsements thereon, to L. F. Poole, who was on said date the freight agent of the St. Louis and San Francisco Railroad, at Oklahoma City, Oklahoma county, Oklahoma Territory, on the 20th day of January, 1905.    G. W. Garrison.
> "By W. O. Parks, Deputy Sheriff, Oklahoma County."

Thereafter defendant again appeared specially and moved to quash the service on it, which motion was by the court denied, and defendant, excepting thereto, answered to the merits of the case.

On issues joined the case came on for trial on April 20, 1906. At the conclusion of all of the evidence, defendant requested a peremptory instruction directing a verdict in its favor. Thereupon plaintiff asked permission to amend his petition by setting forth the acts of the Legislature of Arkansas in force in the Indian country where injury and death occurred, creating in said country a cause of action for death by wrongful act, and providing for the distribution of the recovery had, which amendment was by the court allowed, and was made over the objection of defendant. The trial resulted in a verdict and judgment in favor of plaintiff. Proceedings in error were prosecuted to the Supreme Court of the territory and were there pending when statehood intervened. By removal and by operation of law the case has been transferred from the Supreme Court of the territory to this court for decision.

The petition in error, with case-made thereto attached, was filed in the Supreme Court of the territory November 5, 1906. Thereafter, and on the 3d day of January, 1907, while the case was pending in the Supreme Court, plaintiff moved therein for an order permitting the sheriff of Oklahoma county to further amend his return on the summons issued out of the district court of Oklahoma county, Oklahoma Territory, and theretofore on the 20th day of January, 1905, served by the sheriff of that county on defendant. The record does not disclose any action taken by the Supreme Court of the territory on this motion. Thereafter, and on the 7th day of October, 1907,

an application was made by plaintiff to the district court of the state of Oklahoma sitting in Oklahoma county for an. order by said court directing the return on the summons to be amended to read as follows:

"Received this summons on the 19th day of January, 1905, at 11 o'clock a. m. and executed the same in my county by delivering a true copy of the within summons, with all the endorsements thereon to L. F. Poole, who was on said date the freight agent of the St. Louis & San Francisco R. R. Co. in Oklahoma City, Oklahoma county, Oklahoma Territory, on the 20th day of January, 1905. The said railroad company not having appointed or designated an agent in said county on whom service of process might be had, as required by law, and not having in said county any presiding or other chief officer.                    J. B. Garrison, Sheriff of Oklahoma County,
                                        "By W. O. Parks, Deputy."· .

The order so applied for was granted and the return on the summons so amended.

After the removal of the case from the Supreme Court of the territory into the Circuit Court of the United States for the Western District of Oklahoma, and while pending therein, on November 16, 1908, a motion styled an application for a writ of certiorari was by plaintiff presented to that court, praying an order directed to the clerk of the circuit court of Oklahoma county, state of Oklahoma, to certify to said court a copy of the summons with return thereon as theretofore amended under the order of the judge of said court, ' as above set forth, which writ or order prayed was granted by the Circuit Court November 23, 1909, without prejudice to a future consideration of its effect. On said order there was certified by the clerk of the district court of Oklahoma county, Okl., a copy of the summons with return thereon as last amended, set forth.

[1, 2] On this record the railroad company assigns error, as follows: (1) The trial court erred in overruling the motion to quash the service of summons on defendant and requiring defendant to proceed with the trial over its objection and exception. (2) The trial court erred in permitting plaintiff to amend his petition on the trial after both parties had rested their case, and pending a request made by defendant for an instructed verdict in its favor, by pleading the statutes in force creating a cause of action for injury resulting in death, and the statutes providing for the distribution of the recovery in such cases, in force in the Indian country when the injury to deceased occurred and death resulted therefrom, and this for two reasons: (a) In so ruling the trial court abused its discretion; (b) that said amendment substantially changed the cause of action, and as said amendment was made more than two years after the injury was received and the death of deceased occurred it was barred by the time limit of two years prescribed in the statute creating· the right of action. (3) As shown by the uncontradicted evidence in the case, a verdict should have been directed for defendant.      ·

At the date this action was instituted the statutes of Oklahoma Territory relating to service of process on railroad companies doing business in the territory provided as follows:      ·

"A summons against a corporation may be served upon the president. mayor, chairman of the board of directors, or trustees, or other chief of-

ficer: or, if its chief officer is not found in the county, upon its cashier. treasurer. secretary, clerk or managing agent: or, if none of the aforesaid officers can be found, by a copy left at the office of usual place of business of such corporation, with the person having charge thereof.

"Every railroad company, or corporation, and every stage company doing business in the territory of Oklahoma, or having agents doing business therein for such corporation or company, is hereby required to designate some person residing in each county, into which its railroad line or stage route may or does run, or in which its business is transacted, on whom all process and notices issued by any court of record or justices of the peace of such county may be served.

"In every case such railroad company or corporation and stage company, shall file a certificate of the appointment and designation of such person, in the office of the clerk of the district court of the county in which such person resides; and the service of any process upon the person so designated, in any civil action, shall be deemed and held to be as effectual and complete as if service of such process were made upon the president, or other chief officer of such corporation or stage company. Any railroad company, corporation or stage company, may revoke the appointment and designation of such person upon whom process may be served, as hereinbefore provided, by appointing any other person qualified as above specified, and filing a certificate of such appointment, as aforesaid; but every second or subsequent appointment shall also designate the person whose place is filled by such appointment."

As these statutory provisions were construed by the Supreme Court of the territory in St. Louis & S. F. R. Co. v. Clark, 17 Okl. 562, 87 Pac. 430, the return of the sheriff of the county on the summons issued at the institution of the action, likewise on the alias summons issued on the 19th day of January, 1905, was insufficient and ineffective to compel defendant to appear and respond to a personal judgment in the action, for that said return does not affirmatively show defendant had failed to designate an agent on whom service of summons could be made as the act required. The trial court therefore erred in denying the motion to quash presented by defendant, appearing specially for such purpose, and in compelling defendant to answer and proceed to trial as though valid service of process had been obtained on its person. The fact that defendant, being so compelled, did appear generally and contest the merits of the controversy with plaintiff, under the circumstances, did not operate as a waiver of valid service on its person in the manner provided by the statutes of the territory then in force, or the error committed by the trial court in overruling the motion to quash the same. St. Louis & S. F. R. Co. v. Clark, supra; Building & Loan Association v. Hallum, 59 Ark. 583, 28 S. W. 420; Dickerson v. Railroad Co., 43 Kan. 702, 23 Pac. 936; Haley v. Railroad Co., 80 Mo. 112; Railway Co. v. Hunt, 39 Mich. 469.

[3-5] However, it is insisted by counsel for defendant in error the proceedings thereafter taken while the case was pending on error in the Supreme Court of the territory, and in the Circuit Court of the United States, to which it was removed, operated to cure the defect in service as shown by the return of the officer serving the summons, and the ruling of the trial court in denying the motion to quash. However, to my mind, it is obvious in principle the position thus assumed is not tenable. The record discloses the sufficiency of the

return of the officer attempting the service, as shown by his return, under special appearance entered by defendant for that purpose, was expressly challenged in the trial court. Not only was this motion of defendant denied by the court, to which an exception was taken for the purpose of review by defendant, but the defect in service as shown by the return was in no wise corrected.

After final judgment in the case on the merits of the controversy, and for the purpose of correcting errors of law on the trial challenged by defendant, proceedings in error were instituted by it in the Supreme Court of the territory by the filing therein a petition in error with a case-made attached, as by law provided, and a summons in error was caused to be issued and served on the plaintiff to the action below. This proceeding in error operated not only to divest the trial court of all jurisdiction to further proceed in the case, but the case-made, signed, settled, and allowed by the trial court, as filed in the Supreme Court, imports absolute verity as to what occurred on the trial of the case below, and hence was incapable of amendment in that court. Not only so, but from aught appearing in the record in this case-made as settled and filed in the Supreme Court, it must not only be conclusively presumed to be a correct record of the entire proceedings in the trial court, but in fact, so far as appears from the record, is absolutely correct in all things. Under such proceedings pending in the Supreme Court, the trial court was without jurisdiction to further proceed in the case, and the Supreme Court was powerless to permit amendment of the record made in the trial court as evidenced by the case-made.

However, no effort was made in this case on the part of the trial court of the territory to amend or supplement the record made by it, as shown by the case-made, or by the Supreme Court wherein the proceeding in error was pending, while such courts continued to exist under the laws of their creation. On the contrary, the subsequent order permitting an amendment of the return of the sheriff executing the summons was made, not by the territorial trial court, but by a court created under authority of law entirely separate and distinct from that of the territory, presided over by a different person as judge than he who presided at the trial of the case. From all of which, it is most obvious the effort made by plaintiff to supplement the record in this case was unavailing to correct the error of the trial court in denying the motion to quash the service of summons. As such error was not cured, but must work a reversal of the judgment rendered, further consideration of the case might with propriety be omitted. However, as the case presented is one based on a right of action unknown to the common law, created by and resting alone on statutory enactments, in which statute creating the right of action there is prescribed its own limitation, it is thought proper to not rest the order of reversal entirely on the technical ground of practice hereinbefore considered, but to determine another ground assigned as error and relied on for reversal.

[6] As has been seen from the statement made of the record, the petition filed in the case by plaintiff made no reference whatever to

the statute law of the Indian country in which the injury to and consequent death of deceased occurred. The right of action asserted by plaintiff had no existence under the rules of the common law. It was most obvious therefore it was incumbent on the plaintiff to allege and prove as part of his case the existence of a statute creating the right of action which he asserted in force in the country where, and at the time when, the death occurred. This was not done by the plaintiff in this case until both parties at the trial had rested their case and defendant had demanded a peremptory instruction in its favor. This trial occurred more than two years after the date of the injury to and death of deceased. The statute (Mansf. Dig.) creating the right of action in force in the Indian country where the injury and death occurred reads as follows:

"Sec. 5225. Whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who, or the company or corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount, in law, to a felony.

"Sec. 5226. Every such action shall be brought by and in the name of the personal representatives of such deceased person, and if there be no personal representatives then the same may be brought by the heirs at law, of such deceased person; and the amount of the recovery in every such action shall be for the exclusive benefit, of the widow and the next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate, and in every such action the jury may give such damages as they shall deem a fair and just compensation, with reference to pecuniary injuries resulting from such death, to the wife and next of kin of such deceased person. Provided that every such action shall be commenced within two years of the death of such person."

"Sec. 2522. When any person shall die, having title to any real estate of inheritance, or personal estate, not disposed of or otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower, in the following manner: First. To the children, or to their descendants in equal parts; second, if there be no children, then to .the father, then to the mother, if no mother, then to the brothers and sisters, or their descendants, in equal parts; third, if there be no children, nor their descendants, father, mother, brothers or sisters, nor their descendants, then to the grandfather, grandmother, uncles and aunts and their descendants in equal parts; and so on in other cases, without end, passing to the nearest lineal ancestor and their children and their descendants, in equal parts." (Ind. T. Ann. St. 1899, §§ 3430, 3431, 3520.)

In regard to the ruling of the trial court permitting this amendment when made, two errors are assigned: First, abuse of discretion; second, the bar of the statute. In so far as the first is concerned, as the action of a trial court in permitting amendments of pleadings under code provisions is very largely a matter of sound judicial discretion, nothing further need be said on that head. The second is, however, a matter of substantive right and calls for a de-

termination of the question whether the amendment made in this case is such as under the settled rule of decisions relates back to the institution of the action and thus preserves it from the bar of the statute prescribed therein, as a condition on which the right was created, or whether the amendment made in this case was in its nature such a substantial change in the nature of the cause of action as to constitute what is known as a departure from law to law; if so, manifestly, as it was made more than two years after the injury and death of deceased, it was barred by the time limit fixed in the statute.

In this connection it is first contended by counsel for plaintiff in error, as the statute of the Indian country creating a right of action for wrongful death was not specially pleaded, the trial court sitting in Oklahoma Territory should conclusively presume the law of the place of the injury and death to be the same as that of the forum, and should determine the right asserted by plaintiff against defendant under the statute in force in Oklahoma Territory at the time the injury and death occurred; hence it is insisted no amendment to the petition was necessary to entitle plaintiff to the recovery had.

[7] As a general rule in cases where the cause of action sought to be maintained arose in a foreign state or country, and the laws of such foreign state or country are pleaded by neither party, the court trying the case will, for the purpose of decision of the case, apply the laws of that state or country in which the court is sitting; for, as the trial court in such case cannot take judicial notice of the laws of the foreign country in which the cause of action arose, and as nothing to the contrary is made to appear from the pleadings or evidence of either party, the trial court will presume the laws of such foreign state to be the same as those of the forum. However, this rule is not without its exceptions, and it is thought to be more generally resorted to in that class of cases which present for determination the question of the nature of the remedy which shall be afforded plaintiff seeking to enforce a cause of action known to and recognized by the common law, than that class of cases which presents for determination the question: Does the plaintiff have any cause of action which he can enforce at law? Therefore the question here presented is: Does this rule obtain in cases where the right of action sought to be enforced by the plaintiff did not exist at the common law, but, if it existed at all, it was because of the fact it had been created by some statutory enactment of a foreign country, which statute has no extra territorial operation, and which, if enforced at all by courts outside the jurisdiction in which it was created, it will be by such courts first examined for the purpose of determining whether there be anything therein found in conflict with the policy of the laws of the country in which the court is sitting?

I think not. In Cyc. of L. & P., vol. 13, subject Death, p. 345, the rule is stated, as follows:

"The general rule is that it is not necessary, in the declaration, complaint, or petition, to set forth or refer to the statute of the forum under which the action is brought, where facts sufficient are pleaded to bring the case within the statute. Where, however, the action is based upon a foreign

statute, the existence of such statute and its similarity to the statute of the forum must be alleged and proved."

[8] In this class of cases the rule appears to be, when an action is brought in one jurisdiction for the death of a person caused in another state or country, it is necessary for the plaintiff to plead and prove that in such other state there is a statute permitting a recovery; otherwise, it will be presumed that the common law is in force there, and therefore that the action is not maintainable. Jackson v. Pittsburgh, etc., Ry. Co., 140 Ind. 241, 39 N. E. 663, 49 Am. St. Rep. 192; Wooden v. W. N. Y. & R. R. Co., 126 N. Y. 10, 26 N. E. 1050, 13 L. R. A. 458, 22 Am. St. Rep. 803; Attrill v. Huntington, 70 Md. 191, 16 Atl. 651, 2 L. R. A. 779, 14 Am. St. Rep. 353, and note; Hamilton v. H. & St. J. R. Co., 39 Kan. 56, 18 Pac. 57; Hyde v. Wabash, St. L. & P. Ry. Co., 61 Iowa, 441, 16 N. W. 351, 47 Am. St. Rep. 820.

In Greenville National Bank v. Evans-Snyder-Buel Co. et al., 9 Okl. 353, 60 Pac. 249, the Supreme Court of the territory of Oklahoma said:

"It therefore necessarily follows that the laws in force in the Indian Territory should not be judicially noticed, and that such laws, to avail a party of any right under them, must be pleaded and proven."

[9] It follows, as the statute of the Indian country where the injury and death occurred which created the right of action sought to be enforced by plaintiff below was not pleaded until the amendment was made on the trial, and as the trial court sitting in Oklahoma Territory could not take judicial notice of such statute law of the Indian country, the amendment made was essential to the statement of any right of action in plaintiff, and had the amendment not been made the request of defendant for an instructed verdict in its favor must have been sustained. Did this amendment, when made, preserve the action from the operation of the time limit prescribed in the statute in which an action to recover thereunder must be instituted? The right of action created by the statute in question was granted on condition that an action to recover thereunder should be instituted within two years from the date of the death.

From a consideration of the many adjudicated cases on the subject, the rule in such case, subject to exceptions, will be found, I think, to be this: When the petition, however inaccurately, imperfectly, or inartistically drawn, is sufficient in allegations of fact to show the claim asserted therein by plaintiff is based on the statute creating the right of action, and is brought by the person on whom the statute confers such right, it may be amended at any time, and the amendment will relate back to the date of the institution of the action. But, in such case as that at bar, in which no reference whatever is made in the petition to the statute or any claim based thereon until the time limit prescribed in the statute has expired, all right of action thereunder is lost, and any amendment thereafter attempted is as inefficient to restore or revive the lost cause of action as would be a new action then instituted. Union Pacific Railway Co. v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983; Boston & M. R. R.

Co. v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193; Atchison, T. & S. F. R. Co. v. Schroeder, 56 Kan. 731, 44 Pac. 1093; City of Kansas City v. Hart et al., 60 Kan. 684, 57 Pac. 938; Smith et al. v. East & West R. Co., 84 Ga. 183, 10 S. E. 602; Hurst v. Detroit City Ry., 84 Mich. 539, 48 N. W. 44; Lilly v. Charlotte, C. & A. R. Co., 32 S. C. 142, 10 S. E. 932; Fitzhenry v. Consolidated Traction Co., 63 N. J. Law, 142, 42 Atl. 416.

In this regard counsel for defendant in error, conceding in argument, where an action based on the principles of the common law is brought and an amendment thereafter is introduced therein changing the right of recovery to one based on statute will not relate back to the institution of the action and preserve it from the bar of the statute if meanwhile it has fallen, however, insist there is a distinction between such a case and the one at bar. From a reading of the cases above cited it will be found the very reason an action bottomed on the common-law right will not prevent the running of a statute against a right based on a statute is not because the action on a common-law right *was* brought, but because an action based on the right created by statute *was not* brought until the bar of the statute had fallen. That is to say, the right created by statute, not having been presented or asserted in the common-law action within the time limit, is deemed waived or lost by failure to assert it. So, in the case at bar, it does not matter whether the petition of plaintiff before amendment was intended to present a right of action based on the common law or a right based on the theory that the court to which it was addressed would presume the law of the Indian country to be the same as that in force in the territory of Oklahoma where presented, and thus enforce the law of the forum; or whether, as has been determined, it presented no enforceable right at law whatever in favor of the plaintiff and against defendant, for all tends to the same end. What the petition of plaintiff in this case before amendment failed to do was to present for the determination of the court in any manner or by any means a right of action conferred on himself by the statute of the Indian country which created a right of action in his favor and against defendant for the death of his son by wrongful act, and his petition before amendment having, for this reason, failed to assert and present a right based on such statute, the right was irrevocably lost by reason of his noncompliance with the condition on which the right was conferred by the statute.

It follows, therefore, as the amendment made in this case on the trial, which occurred more than two years after the injury to and death of deceased, was ineffectual to restore the cause of action lost by the failure of plaintiff to proceed under the statute of the Indian Territory creating it, the judgment below must be reversed, and the case remanded to the District Court of the United States for the Western District of Oklahoma for further proceedings in conformity with the views expressed in this opinion.